Service Trucking Company, Inc., et al., Appellants, *v.* American Casualty Co.

Argued November 12, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Horace Michener Schell,* for appellants.

*Thomas E. Comber, Jr.,* with him *Pepper, Bodine & Stokes,* for appellee.

OPINION BY RHODES, P. J., March 4, 1947:

This is a suit in assumpsit upon a collision insurance endorsement attached to and made part of a standard automobile liability policy issued by the defendant, American Casualty Company of Reading, Pennsylvania, to the Service Trucking Company, Inc., and Gilbert Alton Banning, plaintiffs. The action was instituted in the Municipal Court of the County of Philadelphia, and the parties there filed an agreed statement of facts, upon the basis of which the trial judge directed a verdict for the defendant. A motion by plaintiffs for judgment n. o. v. was dismissed, and judgment was entered on the verdict. From this judgment the present appeal is taken.

On October 17, 1944, one of appellants' trucks collided with an object on the side of the road resulting in damage to the truck. Immediately after said collision, as a direct result thereof, without any intervening accident or cause and as a direct consequence of the collision, appellants' truck caught fire, resulting in further damage thereto. The damage resulting from the collision was less than $60; that resulting from the fire was $917.73. The loss occasioned by collision was distinguished from the loss occasioned by fire. The Franklin Fire Insurance Company, which had issued a policy of fire insurance covering the same vehicle, paid the appellants the sum of $917.73, upon a "loan receipt," with respect to the fire damage. Recovery must be had, if at all, upon Endorsement No. 2, the relevant portions of which read as follows: ". . . the Company does hereby agree to pay for loss or damage . . . to the automobile(s) described . . . if caused solely by accidental collision with another object either moving or stationary, including upsets, excluding, however, (a) all loss or

damage caused directly or indirectly by fire from any cause whatsoever . . ."

The issue presented is a narrow one: Is the above quoted exclusion clause sufficiently clear to negative any liability of appellee for the fire damage in this case? Appellants' theory is that appellee's liability under the collision provision of the policy covers the entire loss, including that attributable to fire. The court below held that the liability of appellee was limited to the damage ascertained to have resulted from .the collision, exclusive of the loss by fire.

Appellants concede that appellee might properly have worded the policy so as to exclude fire losses following collision, but argue that appellee has failed to do so because (1) the exclusion clause appears in the endorsement and not under the printed heading "Exclusions" in the main policy, to which the endorsement is attached, thereby misleading the "reasonable insured" into the belief that fire losses were not excluded from coverage; (2) the basic risk insured against under this policy is collision, which includes fire as a natural consequence thereof, and the language of the clause is not sufficiently specific to exclude liability where fire is consecutive to, rather than concurrent with, collision as a cause of damage.

Appellants' first contention is devoid of merit. The printed form of the main policy providing liability in-. surance does not have space for inserting an additional clause under the heading "Exclusions." The endorsement, however, created the distinct and additional feature of collision insurance. The policy itself covered liability insurance only, while the endorsement extended the insurance to cover the peril of collision. Obviously, any exclusion relating to collision could only be set forth in the endorsement, which, by its terms, was incorporated in the policy and was to be read as a part thereof.

Appellants' second contention cannot be sustained. The damage in this case resulted from two causes—

collision and fire. There were only three possible relationships which these causes could assume with respect to each other in bringing about this damage: (1) They might have been concurrent, both operating at the same time upon the subject matter in question; (2) the collision might have been consecutive to the fire, following as a natural consequence thereof; or (3) the fire might have been consecutive to the collision, as was actually the case.

It is conceded by appellants that the language of the endorsement effectively excludes any liability on the part of appellee for damage from fire operating concurrently with collision as a cause thereof.

Appellants have cited a number of cases from other jurisdictions which stand for the proposition that, where damage results from a series of related causes operating in consecutive order unbroken by any intervening independent cause, the company which has contracted to indemnify the insured against loss from the initial cause is liable for the entire resultant damage, in the absence of appropriate language in the policy expressing a different intent.[1] These cases are not applicable, if for no other reason than in none of them was there an exclusion clause identical with that contained in the policy in the instant case.

The exclusion clause in the present case excludes liability for "all loss or damage caused directly or indirectly by fire from any cause whatsoever." Here, unlike the language in any of the cases cited by appellants, the cause of damage sought to be excluded (fire) is described by the phrase "from any cause whatsoever." The clear and unambiguous meaning of this phrase embraces

---

[1] *Tonkin v. California Ins. Co. of San Francisco, Inc.*, 294 N. Y. 326, 62 N. E. 2d 215; *Anselmo Ortiz-Leon v. Porto Rican & American Ins. Co.*, 37 Porto Rico Rep. 303; *American Indemnity Co. v. Haley* (Texas), 25 S. W. 2d 911; *Cova v. Bankers & Shippers Ins. Co. of New York* (Mo.), 100 S. W. 2d 23; *Tracy v. Palmetto Fire Ins. Co. of Sumter, S. C., et al.* (Iowa), 222 N. W. 447; *Delametter v. Home Ins. Co.* (Mo.), 126 S. W. 2d 262.

within its scope not only the general situation where fire is one of a series of consecutive causes, set in operation by some other initial cause, but also the specific situation where the initial cause is a collision, the basic risk insured against in this case. To adopt appellants' construction of this exclusion clause would necessitate the striking out of the words "from any cause whatsoever," and the substitution therefor of the qualifying phrase "from any cause not resulting from collision." Such a revision of the clear and unambiguous intention of the parties expressed in the insurance contract would be unwarranted. ". . . where the language of the policy is clear and unambiguous it cannot be construed to mean otherwise than what it says": *Topkis v. Rosenzweig et al.*, 333 Pa. 529, at page 531, 5 A. 2d 100, at page 101. See, also, *Hagarty v. William Akers, Jr., Co., Inc., et al.*, 342 Pa. 236, 239, 20 A. 2d 317; *Jacob Siegel Co. v. Philadelphia Record Co.*, 348 Pa. 245, 248, 35 A. 2d 408.

Judgment is affirmed.