433 So.2d 1334 (1983)
HERITAGE INSURANCE COMPANY OF AMERICA, an Illinois Corporation, Appellant,
v.
Frank CILANO, As Trustee of a Dissolved Corporation Known As Best Point Corporation, a Florida Corporation, and Richard Michaud, Appellees.
Nos. 82-981, 82-1270.
District Court of Appeal of Florida, Fourth District.
July 6, 1983.
Daniel W. Levin, Miami, for appellant.
Dewey H. Varner, Jr., and Preston Mighdoll of Kohl, Springer, Springer, Varner, Mighdoll & Salnick, Palm Springs, for appellees.
ANSTEAD, Judge.
This is an appeal of a final summary judgment declaring that Frank Cilano, as Trustee of a dissolved corporation known as Best Point Corporation, is covered under a liability insurance policy issued by Heritage Insurance Company of America.
The facts are not in dispute. Cilano operated a restaurant that sold liquor under a license that restricted liquor sales to 49 percent of the restaurant's total revenue. Cilano was sued by an individual who was injured at this restaurant during a fight. Cilano's restaurant was insured by Heritage, and he interpled Heritage as a third party defendant after Heritage denied coverage of this incident. Both parties agree that the relevant portions of the insurance policy are exclusion (h) and a provision referred to as the Host Liquor Law Liability Coverage clause. Exclusion (h) states that the policy shall not apply:
(h) to bodily injury or property damage for which the insured or his indemnitee may be held liable
(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or
(2) if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed
(i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or
(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes *1335 to the intoxication of any person,
but part (ii) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above.
The Host Liquor Law Liability Coverage clause provides:
IV. HOST LIQUOR LAW LIABILITY COVERAGE
Exclusion (h) does not apply with respect to liability of the insured or his indemnitee arising out of the giving or serving of alcoholic beverages at functions incidental to the named insured's business, provided the named insured is not engaged in the business of manufacturing, distributing, selling or serving of alcoholic beverages.
When the terms of an insurance policy are clear and unambiguous the terms must be applied as written, the court not being free to reshape the agreement of the parties. Federal Insurance Company v. McNichols, 77 So.2d 454 (Fla. 1955). In essence the trial court, in granting summary judgment against Heritage, applied the correlative maxim that "if the provisions of the insurance contract are ambiguous, the insurance company loses." We disagree that the provisions are ambiguous and reverse.
Initially, Cilano admits that he is in the "business of distributing, selling, and serving alcoholic beverages" and that exclusion (h) applies to the claim asserted by the injured patron and would ordinarily operate to deny him coverage. However, Cilano claims that he is entitled to coverage under the exception to exclusion (h) contained in the Host Coverage clause because the "functions incidental" phrase in that clause is ambiguous. Similarly, Cilano argues that the phrase "engaged in the business... ." is ambiguous because it does not specify whether one must be primarily or incidentally engaged in such business. Because his liquor operation is only "incidental" to his overall restaurant operation, Cilano asserts, he is entitled to coverage. We cannot agree.
Under the Host Coverage clause, coverage is extended to "functions incidental to the insured's business" unless that business is that of "manufacturing, distributing, selling, or serving alcoholic beverages." Because Cilano has admitted being in the business of distributing, selling, and serving such beverages, he is not covered under this clause. The Host Coverage clause does not provide coverage to someone whose business "incidentally" includes liquor sales. Rather, it extends coverage to those who are not in the business of serving alcohol but who may actually serve alcohol at a function, such as a cocktail party, put on by the business. Further, even accepting Cilano's claim that some portions of this provision are ambiguous, we believe any such ambiguity to be irrelevant because, under both relevant contract provisions, all functions of an insured that distributes, sells or serves alcohol are excluded, not merely those incidental to his business. The contract excludes all insureds engaged in such business whether primary or incidental if the claim is of the nature described, as Cilano concedes the claim is here.
Accordingly, because in our view there is no ambiguity in the insurance policy, and the policy explicitly excludes coverage of the claim involved herein, the judgment of the trial court is reversed with directions that summary judgment be entered for Heritage.
BERANEK, J., and COCALIS, PATRICIA W., Associate Judge, concur.