478 A.2d 488

**Richard J. PATULA and Diane Patula, his wife**

**v.**

**NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE, WISCONSIN, Appellant.**

Superior Court of Pennsylvania.

Argued April 12, 1984.

Filed July 6, 1984.

Edward D. Klym, Pittsburgh, for appellant.

David B. Mulvihill, Pittsburgh, for appellee.

Before ROWLEY, JOHNSON and POPOVICH, JJ.

POPOVICH, Judge:

■ This is an appeal from an Order of the Court of Common Pleas of Allegheny County granting a new trial limited to the issue of damages after the trial court directed a verdict in favor of Richard J. Patula and Diane Patula, his wife, appellees, and against appellant, Northwestern National Insurance Company of Milwaukee, Wisconsin.[1]

Appellees instituted an action in assumpsit to recover the replacement value of a damaged retaining wall at 10483 Frankstown Road, Township of Penn Hills, Allegheny County, under a policy of insurance provided them by appellant.

---

1. Appellant styles this appeal as one from the Order of the Court of Common Pleas of Allegheny County, wherein a new trial is ordered on the issue of damages, and claims jurisdiction under 42 Pa.C.S. 742. Jurisdiction is conferred instead by Pa.R.A.P. 311(a)(5).

Appellant initially contended that the collapse was caused by earth movement and shifting and that the said policy specifically excluded loss resulting from earth movement. Therefore, appellant refused payment on the basis of Section V1 of the aforementioned "Special Multiperil Policy" entitled "**EXCLUSIONS**". This section reads as follows:

"This policy does not insure under this form against:

(c) Loss caused by, resulting from, contributed to or aggravated by any of the following:

1. earth movement, including but not limited to earthquake, landslide, mudflow, earth sinking, earth rising or shifting;"

After a trial on February 4, 1982, the lower court directed a verdict on behalf of the appellees on the issue of liability and awarded a new trial on the issue of damages. The court held that: "[T]here [was] no evidence that the [appellees] had been informed of the exclusion, or were aware of it." [2] The trial judge found that he had "no alternative to directing a verdict for the plaintiffs on liability," citing *Hionis v. Northern Mutual Insurance Company*, 230 Pa. Super. 511, 327 A.2d 363 (1974), where it is held that

*"[even] where a policy is written in unambiguous terms,* the burden of establishing the applicability of an exclusion or limitation involves proof that the insured was aware of the exclusion or limitation and that the effect thereof was explained to him." 230 Pa.Superior Ct. at 517, 327 A.2d at 365. (emphasis added)

Appellant contends that the trial court erred in directing a verdict in favor of appellees on the question of liability. Appellant acknowledges the "present legal requirement" set forth in *Hionis* but contends that the "Nanty-Glo

---

**2.** Indeed, appellant presented no evidence whatsoever to show that appellees had been made aware of the exclusion nor that they were, in fact, aware. The only evidence on the subject of appellees' knowledge is testimony elicited from appellees on cross-examination by appellant that they were unaware of the policy limitation and that they had never read the policy.

Rule"[3] precludes a directed verdict when proof depends on oral testimony.

We find it unnecessary to pursue the merits of appellant's argument inasmuch as the Pennsylvania Supreme Court has recently overruled *Hionis* and its progeny in *Standard Venetian Blind Company v. American Empire Insurance*, 503 Pa. 300, 469 A.2d 563 (1983) in the situation where a policy limitation is clearly worded and conspicuously displayed.[4] That appeal squarely presented the question of whether the insured may avoid the effect of a *clear and unambiguous exclusion clause* in the policy by showing that it was neither made aware of nor understood the effect of the exclusion.

"We believe that the burden imposed by *Hionis* fails to accord proper significance to the written contract, which has historically been a true test of parties' intentions. By focusing on what was and what was not said at the time of contract formation rather than on the parties' writing, *Hionis* makes the question of the scope of insurance coverage in any given case depend upon how a fact finder resolves questions of credibility. Such a process, apart from the obvious uncertainty of its results, unnecessarily delays the resolution of controversy, adding only unwanted cost to the cost of procuring insurance. Thus, *Hionis*, which would permit an insured to avoid the application of a clear and unambiguous limitation clause in an insurance contract, is not to be followed." *Standard Venetian, supra*, 503 Pa. at 306, 469 A.2d at 567.

3. *Nanty-Glo Borough v. American Surety Company*, 309 Pa. 236, 163 A. 523 (1932). That rule, as reiterated in *Thompson Coal Company v. Pike Coal Company*, 488 Pa. 198, 412 A.2d 466 (1979), is

"However clear and indisputable may be the proof where it depends on oral testimony, it is nevertheless the province of the jury to decide and under the instructions from the court, as to the law applicable to the facts, and subject to the salutory power of the court to award a new trial if they should deem the verdict contrary to the weight of the evidence."

4. As of June 3, 1982, the date of its Order, the lower court was quite correct in its reliance on *Hionis*. *Standard Venetian*, which rejected the broad rule of *Hionis* and its progeny, was not decided until December 30, 1983.

Under *Standard Venetian,* a court is not totally precluded from deviating from the plain language of a contract of insurance when, for example, the clause is unconscionable. However, the court holds that

"... where, as here, the policy limitation relied upon by the insurer to deny coverage is clearly worded and conspicuously displayed, the insured may not avoid the consequences of that limitation by proof *that he failed to read the limitation* or he did not understand it." *Standard Venetian, supra,* 503 Pa. at 307, 469 A.2d at 567. (emphasis added)

■ It would be a difficult task for appellant herein to have authored a more clear and unambiguous exclusion section. Testimony at trial indicated that, indeed, appellees had never read the insurance policy. They testified that Mrs. Patula's father "took care of all the business". at T-142.

Since the lower court instructed the jury that "as a matter of law ... you are required to find a verdict in this case for [appellees]", we reverse the order of the lower court and remand for a new trial on the issue of liability and damages therefor. Jurisdiction is relinquished.