491 A.2d 267

UNITED STATES FIDELITY AND GUARANTY

v.

Richard E. GRIGGS, and Jane D. Griggs, t/d/b/a Diamond-Lite Steak House and Cocktail Lounge and Ormond E. Peluso, Individually and as Administrator of the Estate of Noelle Marie Peluso, Deceased.

Appeal of Richard E. GRIGGS and Jane D. Griggs, t/d/b/a Diamond-Lite Steak House and Cocktail Lounge.

Superior Court of Pennsylvania.

Argued Nov. 8, 1984.

Filed April 12, 1985.

Clifford A. Rieders, Williamsport, for appellants.

Robert A. Seiferth, Media, for U.S., appellee.

Richard J. Callahan, Williamsport, for Peluso, appellee.

Before WICKERSHAM, DEL SOLE and POPOVICH, JJ.

WICKERSHAM, Judge:

Appellants Richard E. and Jane D. Griggs, t/d/b/a Diamond-Lite Steak House and Cocktail Lounge, appeal from the order of the Court of Common Pleas of Lycoming County granting summary judgment against them.

In 1977, appellants contacted Mr. Terry Neubold, an agent of United States Fidelity and Guaranty (hereinafter "U.S.F.&G."), in order to obtain insurance for the restaurant/bar business which they were opening. After some discussion, appellants purchased an insurance package from Mr. Neubold, which was mailed to them with a cover letter. At some later date, but prior to October 26, 1978, Mr. Neubold had a discussion with Mr. Griggs concerning the fact that appellants' policy did not cover "liquor liability." As a result of this conversation, Mr. Neubold sent appellants a letter dated October 26, 1978 explaining "liquor liability" coverage.

On August 23, 1981, Noelle Marie Peluso was killed in an automobile accident. Ormond E. Peluso, individually and as administrator of Noelle's estate, filed suit against appellants, alleging that appellants had served alcohol to the driver of the car which killed Noelle when the driver was visibly intoxicated.[1] Appellants informed U.S.F. & G. of the lawsuit, but U.S.F. & G. subsequently denied coverage under the policy.

1. This case is entitled *Peluso v. Walter,* and is docketed in the Court of Common Pleas of Lycoming County at No. 81–2876. Named defendants in the case are Wayne Walter (the driver of the car which struck the decedent), Joseph A. and Ann L. Prato, t/d/b/a Joey's Place (owners of the first bar at which Walter was served), and the Griggs, t/d/b/a Diamond-Lite Steak House and Cocktail Lounge (appellants herein). Recently, our court reversed the grant of summary judgment in favor of the Pratos, *see Peluso v. Walter,* 334 Pa.Super. 609, 483 A.2d 905 (1984), and remanded the case to Lycoming County for further proceedings.

On February 17, 1983, U.S.F. & G. filed a declaratory judgment action to obtain a judicial determination of the validity of the liquor liability exclusion in the policy issued to appellants. Appellants filed an answer and, as new matter, requested a declaratory judgment in their favor.[2] Following various other pleadings and discovery, both U.S.F. & G. and appellants filed motions for summary judgment. The trial court, finding the exclusion in the policy unambiguous, ruled, based upon *Standard Venetian Blind Co. v. American Empire Insurance Co.*, 503 Pa. 300, 469 A.2d 563 (1983), that summary judgment should be entered for U.S.F. & G., and entered an order to that effect on February 8, 1984. Appellants filed this timely appeal.[3]

Appellants' sole issue before us is as follows:

Was the insurance policy exclusion so clearly worded and conspiciously [sic] displayed as to render the exclusion unambiguous as a matter of the law?

Brief for Appellants at 3.

The Pennsylvania Supreme Court has recently restated the principles governing the interpretation of an insurance contract.

The principles governing our interpretation of a contract of insurance are familiar and well settled. The task of interpreting a contract is generally performed by a court rather than by a jury.... The goal of that task is, of course, to ascertain the intent of the parties as manifested by the language of the written instrument.... Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement.... Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language.... "[I]n the absence of proof of fraud, 'fail-

---

**2.** Mr. Peluso, also named as a defendant in the declaratory judgment action by U.S.F. & G., likewise filed an answer requesting that U.S.F. & G. provide coverage for appellants in the case of *Peluso v. Walter*, No. 81–2876.

**3.** Mr. Peluso also filed a timely notice of appeal but did not file a brief nor participate in oral argument in this case.

ure to read [the contract] is an unavailing excuse or defense and cannot justify an avoidance, modification or nullification of the contract or any provision thereof.'" *Standard Venetian Blind Co. v. American Empire Insurance Co., supra,* 503 Pa. at 304–05, 469 A.2d at 566 (citations omitted). A provision of an insurance policy is ambiguous if reasonably intelligent persons, on considering it in the context of the entire policy, would honestly differ as to its meaning. *Garber v. Travelers Insurance Cos.,* 280 Pa.Super. 323, 421 A.2d 744 (1980); *Celley v. Mutual Benefit Health and Accident Association,* 229 Pa.Super. 475, 324 A.2d 430 (1974).

Application of these principles to the instant insurance contract leads us to conclude that appellants are bound by the contract they signed. Under the policy in effect at the time of the accident, appellants were covered for "all sums which [appellants] shall become legally obligated to pay as damages because of A. bodily injury or B. property damage to which this insurance applies..." R.R. at 37a. Following this section, the word "Exclusions" appears in bold-face, conspicuous type. Under the "Exclusions" caption 16 exclusions, (a) to (p), to the liability coverage are listed. Exclusion (h) is applicable to this case and states as follows:

**Exclusions**

This insurance does not apply:

za

(h) to **bodily injury** or **property damage** for which the **Insured** or his indemnitee may be held liable

(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or

(2) if not so engaged, as an owner or lessor of premises used for such purposes,

if such liability is imposed

(i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;

but part (ii) of this exclusion does not apply with respect to liability of the **Insured** or his indemnitee as an owner or lessor described in (2) above;

R.R. at 37a–38a.

 As found by the lower court, exclusion (h)(1) is clearly worded, conspicuously displayed, and unambiguously excludes the liquor liability coverage at issue in this case. Appellants argue that (h)(1) is meant to exclude coverage only to those persons engaged in the "sole" business of selling alcoholic beverages, and thus would not apply to them since they also sell food. We find this argument to be meritless. This would require the insertion of the word "sole" before "business" and would mean a rewriting of the contract. Where the language of a policy, including exclusion clauses, is clear and unambiguous, it cannot be construed to mean other than what it says. *Service Trucking Co., Inc. v. American Casualty Co. of Reading,* 160 Pa.Super. 331, 51 A.2d 397 (1947).

 Nor are we persuaded by appellants' alternative argument that exclusion (h) taken as a whole, is structurally ambiguous. Appellants contend that subparts (i) and (ii) apply only to part (2). We do not agree; and find that subparts (i) and (ii) obviously apply, by the structure and language of the exclusion, to both parts (1) and (2). Furthermore, the liquor liability exclusion contained in (h) is more or less standard language in tavern general liability policies, and is generally recognized as accomplishing the result intended. *See, e.g., Stewart v. Estate of Bohnert,* 101 Cal.App.3d 978, 162 Cal.Rptr. 126 (1980); *Heritage Insurance Co. of America v. Cilano,* 433 So.2d 1334 (Fla. App. 4 Dist.1983); *New Hampshire Insurance Co. v. Hillwinds Inn, Inc.,* 117 N.H. 350, 373 A.2d 354 (1977).

In *Kelmo Enterprises, Inc. v. Commercial Union Insurance Co.*, 285 Pa.Super. 13, 426 A.2d 680 (1981), exclusion (h)—identical to the one at issue herein—was held invalid pursuant to the then applicable standards of *Hionis v. Northern Mutual Insurance Co.*, 230 Pa.Super. 511, 327 A.2d 363 (1974). In his dissenting opinion in *Kelmo*, however, Judge Watkins, who would have not applied *Hionis* to the *Kelmo* case, specifically considered exclusion (h) and found that it was not ambiguous. He noted that "the exclusion is set forth in terms understandable to the average person and that the concept involved (excluding damages or injuries occasioned by reason of serving alcoholic beverages to minors or visibly intoxicated persons) is one which is relatively uncomplicated." *Kelmo Enterprises, Inc. v. Commercial Union Insurance Co.*, *supra* 285 Pa. Super. at 31, 426 A.2d at 689. *See also, Ranochia v. Reliance Insurance Co. of Philadelphia*, 33 Pa. D. & C.2d 531 (1962):

> The language of this exclusion [ (h) ] is clear and unambiguous and interpretation thereof is not required or indeed permitted. The intent is clear that the policy coverage does not apply where liability is imposed on an insured as a person engaged in the business of selling or distributing intoxicants by reason of any statute pertaining to the sale, gift, distribution or use of an alcoholic beverage.

*Id.* at 542.

Unlike the situation in *Kelmo, supra*, there is no need to consider the application of *Hionis, supra*, to the instant case. Where, as here, the policy limitation relied upon by the insurer to deny coverage is clearly worded and conspicuously displayed, the insured may not avoid the consequences of that limitation by proof that he failed to read or understand it. *Standard Venetian Blind Co. v. American Empire Insurance Co., supra; Patula v. Northwestern National Insurance Co. of Milwaukee*, 329 Pa.Super. 321, 478 A.2d 488 (1984). Furthermore, under Pennsylvania law, if the language of an insurance policy is

unambiguous, interpretation of the contract is a matter of law for the court. *Eastern Associated Coal Corp. v. Aetna Casualty & Surety Co.*, 632 F.2d 1068 (3d Cir.1980), *cert. denied*, 451 U.S. 986, 101 S.Ct. 2320, 68 L.Ed.2d 843 (1981); *Timbrook v. Foremost Insurance Co.*, 324 Pa.Super. 384, 471 A.2d 891 (1984). Therefore, summary judgment was indeed proper in this case.

Order affirmed.