SCHOTT, Chief Judge.
On the application of plaintiff we granted a rehearing in order to re-examine the summary disposition of the question of coverage by Terra Nova Insurance Company. In paragraph V of his supplemental petition naming Terra Nova as a defendant plaintiff alleged that Terra Nova issued a policy of insurance on the bar owned by Touche, Inc. Terra Nova denied the allegation and moved for a summary judgment on the basis of its policy which is attached to the motion and memorandum. The trial court granted the motion and plaintiff has appealed. The issue is whether the policy clearly excludes coverage for Touche, Inc., as alleged owner of the bar, based upon plaintiff’s allegations that his injury was the result of bar personnel wrongfully dispensing alcohol to Donna Figaro, the original defendant and driver of the car which struck plaintiff.
In our original opinion we erred in stating that plaintiff did not allege that the insured is the owner or lessor of the premises. Affording a liberal construction to *1392 paragraph V the allegation of ownership by Touche, Inc. is there and Touche, Inc. is Terra Nova’s insured.
The pertinent portion of the policy is as follows:
This insurance does not apply:
[[Image here]]
(b) to bodily injury or property damage for which the insured may be held liable
(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages; or
(2) if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed
(1) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift distribution or use of any alcoholic beverage, or (ii) by reason of selling, serving, or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;
but part (ii) of this exclusion does not apply with respect to liability of the insured as an owner or lessor described in
(2) above.
The policy is a general liability policy which initially affords coverage for the alleged acts of negligence. However, under (b)(2)(ii) coverage does not extend to an owner or lessor of premises used as a bar if such liability arises out of dispensing alcohol to a person under the influence of alcohol or to the sale of alcohol which causes or contributes to the intoxication of a person. If the exclusion stopped here there would be no coverage because the petition alleges that the employees of the bar owned by Touche, Inc. sold alcohol to Donna Figaro who thereby became intoxicated and whose intoxication led to the accident injuring plaintiff. However, the policy provides that this exclusion provided by (ii) does not apply to the liability of the insured as owner or lessor. Thus, the policy affords coverage under this analysis. We might add that if this analysis is not accurate it demonstrates that the exclusion is at best vague and unclear and not supportive of the summary judgment granted by the trial court.
Accordingly, the judgment appealed from is reversed and set aside and the motion for summary judgment filed by Terra Nova Insurance Company is denied. The case is remanded to the trial court for further proceedings. Costs of this appeal are assessed against Terra Nova Insurance Company. Other costs are to await the outcome of the case.
REVERSED AND REMANDED.