556 So.2d 252 (1990)
Lawana Wollam MILLER, Individually and on Behalf of her Minor Child, Melinda Kay Wollam, Plaintiff-Appellant,
v.
Danny BENSON, d/b/a Chick's Drive-In, Defendant-Appellee.
Clifford IMAN & Betty Iman, Individually and on Behalf of Their Minor Child, Laura Lynn Iman, Plaintiff-Appellant,
v.
Danny BENSON, d/b/a Chick's Drive-In, Defendant-Appellee.
Nos. 21133-CA and 21134-CA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 1990.
Rehearing Denied February 22, 1990.
Writ Denied April 20, 1990.
*253 A. Richard Snell and Steven G. McKenzie, Bossier City, for plaintiffs-appellants, Lawana Wollam Miller and Clifford and Betty Iman.
Ronald J. Miciotto, Shreveport, for defendant-appellee, Danny Benson.
Lunn, Irion, Johnson, Salley & Carlisle by Charles W. Salley and James A. Mijalis, Shreveport, for defendant-appellee, Aetna Life & Cas. Co.
Before HALL, LINDSAY and HIGHTOWER, JJ.
LINDSAY, Judge.
These two consolidated law suits arise from an automobile accident involving the plaintiffs' minor daughters which occurred after the girls purchased alcohol from the defendant, Danny Benson, d/b/a Chick's Drive-In. The trial court found that Benson's insurance policy with Aetna Life & Casualty Company excluded coverage for the defendant's alleged conduct and granted Aetna's motion for summary judgment. The plaintiffs appealed from this judgment.

FACTS
On January 23, 1988, Laura Lynn Iman and her passenger, Melinda Kay Wollam, drove from Plain Dealing, Louisiana, to Chick's Drive-In, a liquor store in Springhill, Louisiana. Chick's Drive Inn is owned by the defendant, Danny Benson. It is alleged that subsequent to purchasing alcohol at the defendant's store, the girls were involved in an automobile accident caused by Ms. Iman's intoxication.
On March 10, 1988, the parents of both girls filed suit against Mr. Benson, the owner of Chick's Drive-In. Suit No. 21,133-CA was brought by Lawana Wollam Miller, individually and on behalf of her minor child, Melinda Kay Wollam. Suit No. 21,134-CA was brought by Clifford and Betty Iman, individually and on behalf of their minor daughter, Laura Lynn Iman.
In each suit, the plaintiffs sought recovery in excess of $2 million dollars (this sum including punitive damages of $500,000). In their respective first supplemental and amending petitions, the plaintiffs joined Aetna Life and Casualty Company as an additional defendant. They contend that Aetna issued an owners', landlords' and tenants' liability policy for Benson which was in effect on the date of the accident.
On November 3, 1988, these cases were consolidated, pursuant to a joint stipulation filed by the parties. On that same date Aetna filed a motion for summary judgment. Aetna contended that the only policy it had issued to Mr. Benson, which was in effect on the date of the accident, excluded coverage for bodily injury or property damage resulting from the sale of alcoholic beverages to minors. In support of the motion, Aetna filed the affidavit of a claims representative, attesting to defendant Benson's coverage, and a certified copy of the policy issued by Aetna.
*254 A hearing on this motion for summary judgment was held on December 13, 1988.[1] On January 17, 1989, the trial court issued a written opinion in which it granted the motion for summary judgment. The court stated that the parties apparently agreed, for purposes of the motion, that the facts of the case were not in dispute. The trial court found that the only issue before it was the application of the exclusion in the policy. The court ruled that the clause was not ambiguous and referred to several cases from other jurisdictions which interpreted identical policy provisions. The trial court thus found the policy excluded coverage for the accident in question. The motion for summary judgment was granted, dismissing the plaintiffs' claims against Aetna, at their costs. Judgment in conformity with this opinion was signed on February 7, 1989.
From this judgment, the plaintiffs in both cases appeal. They contend that this case was not properly decided on a motion for summary judgment. They also contend that the trial court erred in holding that the policy exclusion applied to the circumstances of these consolidated cases.

SUMMARY JUDGMENT
The plaintiffs contend that the trial court erred in granting Aetna's motion for summary judgment.
A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Rhines v. Carpenter, 465 So.2d 884 (La.App. 2d. Cir.1985).
The party seeking the summary judgment has the burden of proving there is no genuine issue of material fact. Any doubt as to the existence of such an issue is resolved against granting the motion and in favor of a trial on the merits to resolve the disputed facts. Rhines, supra.
Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Rhines, supra.
Based upon the pleadings, affidavit and evidence before us, we find that Aetna carried its burden of proof. The record shows no genuine issue as to material fact. The issue is the interpretation of the policy exclusion in question. Therefore, there is no merit in plaintiffs' contention.

EXCLUSIONARY CLAUSE
The plaintiffs contend that the trial court erred in holding that exclusion (h) in the Aetna policy excluded coverage to defendant Benson under the circumstances of the present case.
Exclusion (h) reads as follows:
(h) to bodily injury or property damage for which the insured on [sic] his indemnitee may be held liable,
(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or
(2) if not so engaged, as an owner or lessor of premises used for such purposes,
if such liability is imposed
(i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or
(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;
but part (ii), of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above;....
In its written opinion, the trial court found that the exclusionary clause was not
*255 "overly ambiguous." It further found that coverage was excluded for the reasons assigned in the following case: Morrison on Behalf of Morrison v. Miller, 452 So.2d 390 (La.App. 3rd Cir. 1984); Wilson v. U.S. Fidelity & Guaranty Insurance Company, 830 F.2d 588 (5th Cir.1987); United States Fidelity and Guaranty v. Griggs, 341 Pa.Super. 286, 491 A.2d 267 (1985); and New Hampshire Insurance Company v. Hill Winds Inn, Inc., 117 N.H. 350, 373 A.2d 354 (1977).
The plaintiffs make a variety of different arguments against application of the exclusion. They argue that the policy is ambiguous and must be construed in favor of coverage. They contend that it is ambiguous as to whether § (ii) applies to paragraph (1). They argue that if § (ii) applies to paragraph (1), then the exclusion is directly contrary to the intent of the parties to provide coverage to an insured engaged in the business of selling or serving alcoholic beverages.
Additionally, they contend that the final concluding paragraph [which begins "but part (ii), ..."] applies to paragraph (1) as much as it applies to paragraph (2) because Benson is an insured who is an owner or lessor of the premises who is in the business of selling liquor and wine at retail.
We find these arguments unpersuasive. The cases cited by the trial court involve exclusionary clauses that are identical to that found in the Aetna policy. Although many of these cases are from other jurisdictions, and therefore are not binding upon us, we find their reasoning sound and rational. Exclusion (h) is not ambiguous. Furthermore, the clause is "more or less standard language in tavern and saloon general liability policies, and is generally recognized as accomplishing the result intended." Griggs, supra. The intent of the exclusion is clear under the circumstances presented in the case: It excludes liability coverage for one engaged in selling or serving alcoholic beverages to a minor. See also U.S. Fidelity and Guaranty Company v. Hazen, 346 So.2d 632 (Fla. 2d DCA 1977), and Excelsior Insurance Company v. Pomona Park Bar and Package, 369 So.2d 938 (Fla.1979).
The plaintiffs rely upon Henry v. Figaro, 534 So.2d 1391 (La.App. 4th Cir.1988), in which the Fourth Circuit Court of Appeal found that the identical policy provision was vague and provided coverage to the insured as an owner or lessor. Thus, the court of appeal reversed the trial court judgment granting summary judgment in favor of the insurer. However, the Louisiana Supreme Court granted writs and vacated the appellate court's judgment without discussion. It ordered reinstatement of the trial court judgment granting the insurance company's motion for summary judgment. See Henry v. Figaro, 537 So.2d 1157 (La.1989), rehearing denied, 540 So.2d 324 (La.1989).
The plaintiffs also argue that the policy exclusion is inapplicable to the present case because the proximate cause of the accident was not the sale of the alcoholic beverages to the minors, but the consumption of the alcohol by the minors. The plaintiffs argue that since the policy exclusion refers only to the sale of alcoholic beverages, but not the consumption thereof, the exclusion does not apply to the Iman-Wollam accident. In support of this argument, the plaintiffs rely upon LSA-R.S. 9:2800.1.
The plaintiffs' argument is fallacious. LSA-R.S. 9:2800.1 provides, in pertinent part:
A. The legislature finds and declares that the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person.
B. Notwithstanding any other law to the contrary, no person holding a permit under either Chapter 1 or Chapter 2 of Title 26 of the Louisiana Revised Statutes of 1950, nor any agent, servant, or employee of such a person, who sells or serves intoxicating beverages of either high or low alcoholic content to a person over the age for the lawful purchase thereof, shall be liable to such person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the premises, including *256 wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were sold or served.
Section A merely establishes that the intoxicated person, by his own actions in consuming the alcoholic beverages, bears full responsibility for the ensuing damages. Section B goes on to limit the liability of a person who sells, serves or furnishes alcoholic beverages to persons of lawful age.[2] The statute does not limit the liability of a furnisher of alcoholic beverages to a minor. However, in such a case, the policy under discussion here excludes coverage.
Furthermore, in the context of this litigation, plaintiffs' allegation that defendant Benson's action in allowing the minors to consume alcoholic beverages is so intertwined in Benson's action in allegedly selling the alcoholic beverages to the minors as to make the two concepts indistinguishable. Any liability of defendant Benson must be premised upon some action by Benson or his agents which connects Chick's Drive-In to the plaintiffs' minor children. The only connection under the circumstances of these cases is the alleged sale of the alcohol to the minors, which is plainly excluded from coverage by the policy.
Based on the foregoing, we find that this assignment of error is without merit.

CONCLUSION
The judgment of the trial court granting summary judgment in favor of Aetna is hereby affirmed. Costs are assessed against the appellants.
AFFIRMED.

ON APPLICATION FOR REHEARING
Before HALL, LINDSAY, HIGHTOWER, MARVIN and NORRIS, JJ.
Rehearing denied.
NOTES
[1] Also on December 13, 1988, the plaintiffs filed a supplemental and amended petition in which they asserted that the proximate cause of the accident was defendant Benson's action in allowing the minors to consume alcoholic beverages.
[2] Section C applies the same limitations to social hosts.