591 So.2d 1318 (1991)
Charles W. MORRIS, Individually and as the Natural Tutor of the Minor, Jason Glynn Morris, et al., Plaintiffs-Appellants,
v.
NU-WAY BEVERAGE COMPANY, et al., Defendants-Appellees.
Eva Opal RUTH, Individually, and as the Natural Tutrix of the Minor Child, Louis Paul Butler, et al., Plaintiffs-Appellants,
v.
FARM BUREAU MUTUAL INSURANCE COMPANY OF ARKANSAS, INC., et al., Defendants-Appellants.
Rodney Glynn MORRIS, et al., Plaintiffs-Appellants,
v.
NU-WAY BEVERAGE COMPANY, et al., Defendants-Appellees.
No. 23162-CA.
Court of Appeal of Louisiana, Second Circuit.
December 20, 1991.
Writ Denied February 21, 1992.
Roland V. McKneely, Jr., Shreveport, for plaintiffs-appellants Charles Morris, et al.
Robert Randall Smith, Shreveport, for plaintiffs-appellants Eva Opal Ruth, et al.
Charles A. Smith, Shreveport, for plaintiffs-appellants Rodney Glynn Morris, et al.
Lunn, Irion, Johnson, Salley & Carlisle by Marshall R. Pearce, Shreveport, for defendant-appellee State Farm.
Before NORRIS, HIGHTOWER and STEWART, JJ.
STEWART, Judge.
The parents of minors involved in a vehicular accident sued Jon Bryan, owner/operator *1319 of Bryan's Grocery, and State Farm General Insurance Co., alleging that the sale of alcoholic beverages to minors was a proximate cause of the accident. State Farm moved for summary judgment, asserting that Bryan's business liability policy specifically excluded coverage for injuries and damages arising from the sale of alcohol to minors. Finding that the insurance policy unambiguously excludes coverage, under these facts and under Miller v. Benson, 556 So.2d 252 (La.App. 2d Cir. 1990), the trial court granted the motion for summary judgment in favor of State Farm and against the plaintiffs, with prejudice. We affirm.

FACTS
Plaintiffs, Charles Morris, Individually and as the Natural Tutor of the Minor, Jason Morris, and Glenda Morris, sued Jon Bryan, State Farm, and others who are not before this court for review. The petition, as amended, alleges the following as facts:
On February 20, 1988, a minor, Rodney Glynn Morris, operated a vehicle, lost control of the vehicle and struck a tree. Among the passengers in the vehicle was Jason Glynn Morris, plaintiffs' son, who was severely injured in the accident. Prior to the accident, Rodney had consumed beer which he had purchased at Kwik Pantry and which another minor had purchased from Bryan's Grocery. Because Bryan's Grocery and Kwik Pantry sold beer to these minors, Rodney became intoxicated, and the intoxication was the cause of the accident. Defendant, Jon Bryan operated Bryan's Grocery and was insured, by a State Farm business liability policy, against liability for injuries and damages of the type sought in this action.

DISCUSSION
A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Miller v. Benson, 556 So.2d 252 (La.App. 2d Cir.1990), writ denied, 559 So.2d 1379 (La.1990). The mover has the burden of proving there is no genuine issue of material fact. Swindle v. Haughton Wood Co., Inc., 458 So.2d 992 (La.App. 2d Cir.1984); Miller, supra. For a more detailed discussion of Art. 966 and the attendant jurisprudence, see Dunn v. FMC Corporation, 589 So.2d 1115 (La. App. 2d Cir.1991).

Assignment of Error No. 1
The plaintiffs contend that there exists a genuine issue of material fact because the insured and the insurer have different positions on the issue of coverage. According to plaintiffs, although Jon Bryan answered the original petition, his failure to answer the amended petition, which named State Farm as a defendant, constituted an implicit admission that he believed he had coverage for the instant facts. Plaintiffs conclude that State Farm's denial of coverage therefore creates a genuine issue as to the material fact of whether the parties (the insured and insurer) intended to contract for coverage under these facts. Plaintiffs cite no statute or jurisprudence in support of this conclusion. This argument is both speculative and unsupported by the record. Accordingly, we find no merit to this assignment.

Assignment of Error No. 2
Additionally and in the alternative, plaintiffs assert that LSA-C.C. arts. 4 and 9, when applied to R.S. 9:2800.1,[1] evince legislative intent to protect minors from dangers against which adults would not be protected. Plaintiffs contend that this public *1320 policy is so strong that the exclusionary clause is void as against public policy.
As this court stated in Miller, supra, at 256:
Section A merely establishes that the intoxicated person, by his own actions in consuming the alcoholic beverages, bears full responsibility for the ensuing damages. Section B goes on to limit the liability of a person who sells, serves or furnishes alcoholic beverages to persons of lawful age. [footnote omitted] The statute does not limit the liability of a furnisher of alcoholic beverages to a minor.
While 9:2800.1 does not limit the liability of alcoholic beverage retailers who sell to minors, the statute is silent with regard to public policy affecting an insurer's ability to exclude from coverage such injuries or damages as may arise from the sale of alcohol to minors. We are not persuaded by plaintiffs' public policy argument. LSA-R.S. 9:2800.1 does not address the ability of a business liability insurer and an insured alcoholic beverage retailer to contract regarding whether the insurance policy provides coverage under these circumstances.
Under its terms, the State Farm business liability policy provides, in pertinent part, that the policy does not apply as follows (emphasis in original):
7. to bodily injury or property damage for which the insured or their indemnitee may be held liable:
a. as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages; or
b. if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed:
(1) by, or because of the violation of any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverages; or
(2) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;
but part (2) of this exclusion does not apply with respect to liability of the insured or their indemnitee as an owner or lessor described in b. above....
This language is virtually identical to the exclusionary clause examined in Miller, supra, and found to unambiguously exclude coverage for the sale of alcoholic beverages to minors.
Substantively, we find no manifest error in the trial court's grant of summary judgment in favor of State Farm and against plaintiff, Charles Morris, Individually and as the Natural Tutor of the Minor, Jason Morris, and against plaintiff, Glenda Morris. Procedurally, however, we note that plaintiffs' amended petition, filed September 28, 1990, substituted Jason Glynn Morris as plaintiff, in lieu of Charles Morris' appearance in representative capacity, because Jason Morris had reached the age of majority. We therefore amend the language of the December 27, 1990 judgment to delete the following phrase which appears twice in the judgment: "Individually and as the Natural Tutor of the Minor,". We affirm the trial court's grant of summary judgment in favor of State Farm General Insurance Company, and against plaintiffs, Charles W. Morris, Jason Glynn Morris, and Glenda F. Morris.
AMENDED AND, AS AMENDED, AFFIRMED AT APPELLANTS' COSTS.
NOTES
[1] LSA-R.S. 9:2800.1 provides, in pertinent part:

A. The legislature finds and declares that the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person.
B. Notwithstanding any other law to the contrary, no person holding a permit under either Chapter 1 or Chapter 2 of Title 26 of the Louisiana Revised Statutes of 1950, nor any agent, servant, or employee of such a person, who sells or serves intoxicating beverages of either high or low alcoholic content to a person over the age for the lawful purchase thereof, shall be liable to such person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the premises, including wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were sold or served.