## Estate of Razillard v. Tuscarora-Wayne Mutual Insurance Company

C.P. of Pike County, no. 240-1992-Civil.

*Steven R. Guccini,* for plaintiff.
*W. Marshall Dawsey,* for defendant.

THOMSON, *P.J.,* April 28, 1995—The estate of Mark S. Razillard brings this declaratory judgment action to determine whether Tuscarora-Wayne Mutual Insurance Company owes coverage and a duty to defend the Burns County Line Inn Corporation for any loss sustained by Mark S. Razillard. The matter is ripe for decision and this court decides the case based upon the record before it which consists of the pleadings, the stipulation filed December 5, 1994, depositions, and the parties' briefs.

## FINDINGS OF FACT

(1) On December 1, 1984, Mark S. Razillard was injured in an automobile accident.

(2) Mark Razillard instituted a suit against Burns County Line Inn Corporation in the Pike County Court of Common Pleas, no. 783-1986-Civil. In that suit, Mr. Razillard alleged that he was served alcoholic beverages in The County Line Inn, became visibly intoxicated, and was involved in a one car accident after he left the inn.

(3) Mr. Razillard died in an unrelated automobile accident following the commencement of his suit. His estate was substituted as the plaintiff in the underlying suit and this matter.

(4) Joseph Burns is the sole shareholder of the Burns County Line Inn Corporation, the defendant in the underlying action. Mr. Burns is also the exclusive owner of the premises upon which The County Line Inn is located.

(5) The defendant in this matter, Tuscarora-Wayne Mutual Insurance Company, had issued a general liability policy to Joseph Burns when he opened The County Line Inn.

(6) Tuscarora-Wayne has denied a defense and coverage to the Burns County Line Inn Corporation pursuant to a policy exclusion excluding coverage for bodily injury arising out of the sale or service of alcoholic beverages.

(7) The parties have stipulated that Tuscarora-Wayne does not write policies providing liquor liability coverage and did not write such policies as of December 1, 1984, the date of Mr. Razillard's accident.

(8) Mr. Burns, prior to purchasing his policy, explained to Wesley Akers, the insurance agent for Tuscarora-Wayne, that he wanted full coverage for the operation of his inn.

(9) Tuscarora-Wayne issued a tavern general liability policy to Mr. Burns that contained a liquor liability exclusion. The policy did not provide full coverage for the operation of the inn. Therefore, it was not the type of policy requested by Mr. Burns.

(10) At the time the policy was issued, Mr. Akers did not point out or explain to Mr. Burns the liquor liability exclusion.

(11) Mr. Burns did not read the policy when it was issued to him.

(12) On December 2, 1983, John Zaustovicz was involved in an automobile accident and brought suit in the Pike County Court of Common Pleas, no. 717-1985-Civil, in part, against Joseph Burns t/a The County Line Inn under a theory similar to that alleged in the case at hand.

(13) After Mr. Zaustovicz's accident and before Mr. Razillard's accident, Tuscarora-Wayne informed Mr. Burns that he did not have liquor liability coverage under their policy.

(14) Mr. Burns did not thereafter obtain additional insurance to cover liquor liability.

## CONCLUSIONS OF LAW

(1) This court properly has jurisdiction over the parties and the subject matter.

(2) The liquor liability exclusion is "more or less standard language in tavern general liability policies." *United States Fidelity and Guaranty v. Griggs,* 341 Pa. Super. 286, 291, 491 A.2d 267, 269-70 (1985).

(3) The liquor liability exclusion found in the Tuscarora-Wayne policy is clearly worded, conspicuously displayed, and unambiguous. See generally, *Id.* at 290, 491 A.2d at 269.

(4) The liquor liability exclusion at issue "is set forth in terms understandable to the average person and that the concept involved (excluding damages or injuries occasioned by reason of serving alcoholic beverages to minors or visibly intoxicated persons) is one which is relatively uncomplicated." *Id.* at 292, 491 A.2d at 270, quoting *Kelmo Enterprises v. Commercial Union Insurance Co.,* 285 Pa. Super. 13, 31, 426 A.2d 680, 689 (1981) (Watkins, dissenting).

(5) Mr. Burns received a copy of the policy and was informed, prior to Mr. Razillard's accident, that the policy did not provide liquor liability coverage.

(6) Had Mr. Burns read the policy he would have readily comprehended that he was not provided with liquor liability coverage by Tuscarora-Wayne.

(7) Under these facts, the insured may not avoid the consequences of the liquor liability exclusion by proof that he failed to read or understand it. *Griggs, supra*

at 292, 491 A.2d at 270; See also, *Standard Venetian Blind Co. v. American Empire Insurance Co.,* 503 Pa. 300, 469 A.2d 563 (1983).

(8) As owner of the premises upon which The County Line Inn is located, and as the sole shareholder in Burns County Line Inn Corporation, Mr. Burns is an owner engaged in the sale or service of alcohol and is therefore subject to the exclusion.

(9) Pursuant to the liquor liability exclusion found in its policy, Tuscarora-Wayne does not owe Burns County Line Inn Corporation coverage or a duty to defend in the case of *Estate of Mark S. Razillard v. Burns County Line Inn Corporation,* no. 783-1986-Civil Pike County Court of Common Pleas.

## DISCUSSION

The plaintiff does not dispute the plain language of the liquor liability exclusion of the Tuscarora-Wayne policy. (See plaintiff's brief at 3.) Without citing any of the relevant authorities, plaintiff appears to argue along the *Hionis/Tonkovic* line of cases. See *Hionis v. Northern Mutual Insurance Co.,* 230 Pa. Super. 511, 327 A.2d 363 (1974); *Tonkovic v. State Farm Mutual Automobile Insurance Co.,* 513 Pa. 445, 521 A.2d 920 (1987).

Plaintiff contends that Mr. Burns did not receive the type of policy he requested from Tuscarora-Wayne. Plaintiff offers that the insurance agent knew that Mr. Burns was unschooled in the tavern business. (Burns deposition at 35.) In his deposition, Mr. Burns stated that he advised the insurance agent that he wanted full coverage for the operation of the tavern and that the agent assured him everything would be covered. (Burns deposition at 13-15.)

The policy Mr. Burns received contained a liquor liability exclusion. This exclusion is triggered whenever the inn provided alcohol for consumption. See *Curbee Ltd. v. Rhubart,* 406 Pa. Super. 505, 510-11, 594 A.2d 733, 736 (1991).

In *Hionis v. Northern Mutual Insurance Company, supra,* the court reviewed a "technical and unclear" exclusion, and found that "the burden of establishing the applicability of an exclusion or limitation involves proof that the insured was aware of the exclusion or limitation and that the effect thereof was explained to him." *Id.* at 517, 327 A.2d at 365.

The court in *Kelmo Enterprises v. Commercial Union Insurance,* 285 Pa. Super. 13, 426 A.2d 680 (1981), reviewed an exclusion identical to the one at issue.[1] The

---

1. The exclusion clause at issue reads,

*"Exclusions:*

"This insurance does not apply:

"(h) to *bodily injury* or *property damage* for which the *insured* or his indemnity may be held liable  .

"(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages; or

"(2) if not so engaged, as an owner or lessor of premises used for such purposes,

"if such liability is imposed

"(i) by, or because of the violation of any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

"(ii) by reason of the selling serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;

"but part (ii) of this exclusion does not apply with respect to liability of the *insured* or his indemnity as an owner or lessor described in (2) above."

court, relying on *Hionis,* decided that the insurer had a duty to explain the liquor liability exclusion to the insured. *Id.* at 17, 426 A.2d at 682. In that case, "the uncontroverted testimony of the agent who sold the policy reveals that the [insurer] did not even attempt to call the exclusion to the attention of the [insured]." *Id.* at 19, 426 A.2d at 683.

The *Hionis* decision was severely limited by the Pennsylvania Supreme Court's decision in *Standard Venetian Blind Co. v. American Empire Insurance Co., supra.* The *Venetian Blind* court noted that the insured had received a copy of the policy, which he never read. The insured stated he did not read the policy because he had indicated to the insurer that he wanted full coverage and believed they would provide such coverage.

Applying the traditional rules of insurance contract interpretation, the court held that where "the policy limitation relied upon by the insurer . . . is clearly worded and conspicuously displayed, the insured may not avoid the consequences of that limitation by proof that he failed to read the limitation or that he did not understand it." *Id.* at 307, 469 A.2d at 567.

Turning to the *Hionis* decision, the *Venetian Blind* court "believe[d] that the burden imposed by *Hionis* [to prove the insured's awareness of the exclusion] fails to accord proper significance to the written contract, which historically has been the true test of the parties' intentions. . . . Thus, *Hionis,* which would permit an insured to avoid application of a clear and unambiguous limitation clause in an insurance contract, is not to be followed." *Id.* at 306, 469 A.2d at 567.

The court noted, however, that *Hionis* may be used to nullify policy exclusions which are alleged to be unconscionable. *Id.*

The *Kelmo* decision, *supra,* was distinguished and discredited in *United States Fidelity and Guaranty v. Griggs, supra* at 291, 491 A.2d at 269. *Griggs,* like *Kelmo,* involved a liquor liability exclusion identical to the one at issue. The court noted that the exclusion was "clearly worded, conspicuously displayed, and unambiguous[ ]." *United States Fidelity and Guaranty v. Griggs, supra* at 291, 491 A.2d at 269. See also, *Ranochia v. Reliance Insurance Co. of Philadelphia,* 33 D.&C.2d 531, 542 (1962); *Britamco Underwriters v. Grzeskiewicz,* 433 Pa. Super. 55, 64, 639 A.2d 1208, 1212 (1994). The *Griggs* court also noted that the liquor liability exclusion "is more or less standard language in tavern general liability policies, and is generally recognized as accomplishing the result intended." *Griggs, supra* at 291, 491 A.2d at 269-270.

The *Griggs* court emphasized that, unlike the facts in *Kelmo,* the exclusion was explained to the insured. Therefore, the *Griggs* court found that there was no need to consider the *Hionis* doctrine. *Id.* at 292, 491 A.2d at 270. Instead the *Griggs* court applied, as we do here, the law of *Venetian Blind.* Where the policy limitation relied upon by the insurer to deny coverage is clearly worded and conspicuously displayed, the insured may not avoid the consequences of that limitation by proof that he failed to read or understand it. *Id.* citing *Venetian Blind, supra.*

The *Hionis* doctrine resurfaced in *Tonkovic v. State Farm Mutual Automobile Insurance Co., supra.* In *Ton-*

*kovic* it was undisputed that the insured applied for coverage that would enable him to make his mortgage payments in the event of injury, regardless of where the injury took place, or whether he might be eligible for worker's compensation benefits. Later, the insured was injured at work and received worker's compensation benefits. The insurance company denied coverage on the basis of a policy exclusion which excluded coverage for injuries occurring in the workplace and for which worker's compensation benefits were available.

The court distinguished the *Venetian Blind* decision noting that Tonkovic "specifically requested a type of coverage that would have protected him in this instance, but was issued a policy quite different from that which he requested." *Id.* at 452, 521 A.2d at 924. The court also emphasized that, unlike the *Venetian Blind* case, Tonkovic neither received a copy of the policy, nor was he advised of the exclusion in the policy. The *Tonkovic* court held that where "an individual applies and prepays for specific insurance coverage, the insurer may not unilaterally change the coverage provided without an affirmative showing that the insured was notified of, and understood the change, regardless of whether the insured read the policy." *Id.* at 455, 521 A.2d at 925.

The Supreme Court found, "a crucial distinction between cases where one applies for a specific type of coverage and the insurer unilaterally limits that coverage, resulting in a policy quite different from what the insured requested, and cases where the insured received precisely the coverage that he requested but failed to read the policy to discover clauses that are the usual incident of the coverage applied for. When the insurer elects to issue a policy

differing from what the insured requested and paid for, there is clearly a duty to advise the insured of the changes so made. The burden is not on the insured to read the policy to discover such changes, or not to read it at his peril." *Id.* at 454, 521 A.2d at 925.

This case falls between the *Tonkovic* and *Venetian Blind* decisions. As in the *Tonkovic* case, the insured here, Mr. Burns, received an insurance policy quite different from the one he requested from the insurer. Mr. Burns requested a policy providing full coverage for his tavern business. Tuscarora-Wayne issued to Mr. Burns a policy that contained a liquor liability exclusion. Such a limitation, triggered every time a patron is served an alcoholic beverage, excluded coverage for any alcohol-related injuries.

However, unlike *Tonkovic* and similar to *Venetian Blind,* Mr. Burns did receive a copy of the policy, which he did not read. Furthermore, prior to the accident at issue, Tuscarora-Wayne satisfied the duty imposed by the *Tonkovic* court by advising Mr. Burns that the policy did not provide liquor liability coverage to him in another factually similar lawsuit. Although Mr. Burns did not receive the type of coverage he requested, where he was given a copy of the policy and was informed of the liquor liability exclusion prior to the accident at issue, he may not avoid the consequences of that unambiguous limitation by proof that he failed to read or understand the limitation. *Griggs, supra* at 292, 491 A.2d at 270, citing *Venetian Blind, supra* at 303-304, 469 A.2d at 567.

The plaintiff's second argument is that the liquor liability exclusion is inapplicable to Mr. Burns as owner of the premises. The exclusion provides that it shall not apply with respect to the liability of the insured, if the

insured is an owner or lessor of the premises who is not otherwise engaged in the sale or service of alcohol. Mr. Burns is the owner of the premises on which the inn is located and he is the sole shareholder of Burns County Line Inn Corporation. He is an owner engaged in the sale or service of alcohol and is therefore subject to the exclusion.

Accordingly, we hold that Tuscarora-Wayne does not owe coverage or a defense to Burns County Line Inn Corporation in the underlying suit.

## ORDER

And now, April 28, 1995, upon consideration of the pleadings, the stipulation filed December 5, 1994 which contains the insurance policy in question, depositions, the parties' briefs, and after oral arguments, judgment is rendered in favor of Tuscarora-Wayne Mutual Insurance Company and against the estate of Mark S. Razillard.

Accordingly, the plaintiff, estate of Mark S. Razillard's declaratory judgment action asking the court to declare that Tuscarora-Wayne Mutual Insurance Company owes coverage and a defense to Burns County Line Inn Corporation is hereby denied.