EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff-Appel-
lant,

v.

DELTA AIR LINES, INC.,
Defendant-Appellee.

No. 78–1268
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 10, 1978.

Abner W. Sibal, Gen. Counsel, Vella M. Fink, Atty., Joseph T. Eddins, Jr., Assoc. Gen. Counsel, Beatrice Rosenberg, Asst. Gen. Counsel, Washington, D. C., for plaintiff-appellant.

Sidney F. Davis, Law Dept., Delta Air Lines, Inc., Seward & Kissel, William H. Boice, J. Stanley Hawkins, Susan Q. Downer, Legal Dept., Delta Air Lines, Inc., Atlanta, Ga., for defendant-appellee.

Before MORGAN, CLARK, and TJO-FLAT, Circuit Judges:

PER CURIAM:

The plaintiff, the Equal Employment Opportunity Commission [EEOC], appeals a

---

* Rule 18, 5th Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

final judgment in this Title VII[1] suit entered under Rule 54(b), Fed.R.Civ.P., in favor of the defendant, Delta Air Lines, Inc. Under the authority of *Stroud v. Delta Air Lines, Inc.*, 544 F.2d 892 (5th Cir. 1977), cert. denied, 434 U.S. 844, 98 S.Ct. 146, 54 L.Ed.2d 110 (1977), the district court dismissed those portions of the complaint which challenged Delta's now-abandoned policy forbidding the employment of married women as flight attendants. We affirm.

The parties do not dispute the basic facts relevant to this appeal. Before 1967, Delta's policy required all flight attendants to be single and required any flight attendant who married to resign. Delta first hired married women as flight attendants in March 1971 and first hired male flight attendants in December 1972. In count 7(c) of its complaint, the EEOC charged that Delta violated Section 703(a) of Title VII, 42 U.S.C.A. § 2000e–2(a) by "failing and refusing to hire females on account of marriage because of their sex." In his order dismissing this portion of the complaint, the district court judge, relying on *Stroud*, held that the EEOC could not show sexual discrimination violating Section 703(a)(1) of Title VII because females had not been disadvantaged with respect to males; in fact, Delta neither hired nor employed males as flight attendants during the time in which Delta's marriage policy was in effect. On the present appeal, the EEOC challenges alternatively the relevancy and the wisdom of *Stroud*.

■ Because it goes to our jurisdiction to proceed we must initially confront a problem with the text of the district court's order. Under Rule 54(b), the district court may direct the entry of final judgment as to one or more but fewer than all the claims advanced "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." In the case at bar, the district judge quoted the relevant portion of Rule 54(b), but, instead of making the rule-required determination and direction merely stated: "[a]ccordingly, the Court expressly directs the entry of final judgment of the Court's order of June 30, 1977, dismissing count 7(c)." Although the order does not literally track the requirements of the rule, the district court's wording is sufficiently clear to permit us to be sure the required determination and direction was intended. *Cf. Huckeby v. Frozen Food Express, Inc.*, 555 F.2d 542, 545–46 (5th Cir. 1977).

The EEOC contends that *Stroud* dealt only with discrimination under Section 703(a)(1), while in the case at bar discrimination was shown under Section 703(a)(2). Delta argues that the EEOC failed to raise this statutory question below, and is barred from raising it on appeal. While the district court's order described the action as one for violation of Section 703(a)(1), the EEOC's complaint alleged discrimination generally under Section 703(a). We find that this question is properly before us.

■ Stating the EEOC's argument in its most favorable light, the EEOC contends that Delta's "no marriage" rule imposed upon a single-sex employee group restrictions adversely affecting their status. The EEOC contends that Delta would not have imposed the "no marriage" rule if the single-sex employee group had been male. In its brief, the EEOC states that the marriage requirements preserved the stereotypical image of the single stewardess—a stereotype into which a male would not have been forced if Delta had employed any male flight attendants. Such speculations can not make the case for the EEOC. Ironically, the fact that at this time Delta pursued policy which discriminated against males by barring them from flight attendant positions, eliminates the possibility of establishing discrimination against females in the resulting all-female job category.

■ While the plaintiff in *Stroud* brought her action under Section 703(a)(1), the principle laid down in that case applies to Section 703(a)(2) as well. The gravamen

1. 42 U.S.C.A. § 2000e, *et seq.* (1974).

of a charge of unlawful sexual discrimination is the disadvantaging of one employee or a group of employees of one sex relative to employees of the opposite sex on the basis of gender. Because classifying women serving in a job which Delta permitted only women to hold could not have disadvantaged women relative to men, *Stroud* establishes that the policy did not unlawfully discriminate against women on the basis of gender.

The EEOC's alternative argument, that we should overrule *Stroud*, rests upon a misunderstanding of the role of a single panel of this court. *See United States v. Lewis*, 475 F.2d 571, 574 (5th Cir. 1973).

The judgment of the district court is AFFIRMED.