452 So.2d 390 (1984)
Michael MORRISON, Individually and on Behalf of Eliza Michelle MORRISON and Elizabeth Livings, Plaintiffs-Appellants,
v.
James C. MILLER, Louisiana Farm Bureau Casualty Insurance Company, United States Fidelity and Guaranty Company, J.W. Romero, Inc., Young and Leach Insurance, Inc., Insurance Co. of North America A/K/A INA Insurance Company, Northern Insurance Company of New York, improperly named herein as Maryland Casualty Co., Defendants-Appellees.
No. 83-735.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1984.
*391 Ralph E. Kraft, Lafayette, and Edward J. Marquet, Lafayette, for plaintiff-appellant.
Voorhies & Labbe, W. Gerald Gaudet, Edward O. Taulbee, IV, Gachassin & Capretz, Nicholas Gachassin, Jr., Mouton & Roy, John Bivins, Lafayette, Deutsch, Kerrigan & Stiles, Charles F. Seeman, New Orleans, for defendants-appellees.
Before GUIDRY, LABORDE and KNOLL, JJ.
LABORDE, Judge.
Plaintiffs, Michael Morrison, individually and on behalf of Eliza Michelle Morrison and Elizabeth Livings, appeal from a summary judgment in favor of defendant, Northern Insurance Company of New York, dismissing the plaintiffs' claims against Northern. We affirm.
Plaintiffs sustained serious injuries which arose out of an automobile collision between the vehicle in which they were passengers and a vehicle driven by James C. Miller, who, according to the plaintiffs, caused the accident by his negligence in driving his car while under the influence of alcohol.
J.W. Romero, Inc. was made defendant in the suit by way of a supplemental and amending petition which alleged that Romero's selling alcoholic beverages to Miller, the consumption of which produced his intoxication, contributed to the causation of the accident in which appellants sustained their injuries. Northern was brought into the suit by another supplemental and amending petition which alleged that Northern was the liability insurer of Romero and provided a policy of insurance covering the claims of the plaintiffs against Romero.
Northern moved for summary judgment asserting that the policy sold to Romero did not afford liability coverage for the plaintiffs' claims. After hearing the argument on the motion, the trial court rendered summary judgment in favor of defendant, Northern.
A summary judgment is proper where there is no genuine issue of material fact and where the mover is entitled to a judgment as a matter of law. State, Etc. v. City of Pineville, 403 So.2d 49 (La.1981). A review of the record reveals that a summary judgment was proper.
In this case, it is undisputed that the insurance policy issued by Northern to Romero provided:
"This insurance does not apply: ... (h) to bodily injury or property damage for which the insured ... may be held liable (1) as a person or organization engaged in the business of manufacturing, distributing, selling, or serving alcoholic beverages..." *392 As a general rule, ambiguities in an insurance policy will not be interpreted in favor of the insurer. This rule, however, does not apply if the language of the policy is clearly unambiguous, for the court cannot disregard the "plain letter of the insurance contract" under the pretext of interpreting an ambiguity where none exists. Thomas v. Protective Life Insurance Company, 319 So.2d 878 (3rd Cir.1975). In this case, the clause clearly states that Northern's policy does not provide coverage for bodily injury for which the insured may be held liable as a result of the sale of alcoholic beverages. The clause is not ambiguous and, thus, cannot be interpreted to provide coverage.
Since there is no coverage, the plaintiffs cannot seek recovery from Northern. We conclude that Northern's policy does not provide coverage. Plaintiffs' suit against Northern should be dismissed.
Since the policy clause eliminates any genuine issue of material fact and the defendant is entitled to judgment as a matter of law, the judgment of the trial court is affirmed. Costs are assessed against plaintiffs-appellants.
AFFIRMED.