**CROWLEY MARITIME CORPORATION, et al.,**
**Plaintiffs,**

**and**

**Jan C. Rolstad, Intervenor–Appellant,**

v.

**PANAMA CANAL COMMISSION,**
**Defendant–Appellee.**

No. 87–3445.

United States Court of Appeals,
Fifth Circuit.

July 18, 1988.

Rehearing and Rehearing En Banc
Denied Aug. 30, 1988.

---

Robert N. Windes, Lee M. Peacocke, New Orleans, La., for intervenor-appellant.

John L. Haines, Jr., Office of General Counsel, Francis M. Kirk, Panama Canal Com'n., Miami, Fla., for defendant-appellee.

Before WISDOM, GEE, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellant Rolstad appeals the dismissal on limitations grounds of his motion to intervene in a suit against appellee Panama Canal Commission (the "Commission"). We AFFIRM.

## I.

In May 1982, while employed on a barge owned by Crowley Maritime Corporation and operated by Puget Sound Tug & Barge Company, Rolstad suffered leg injuries during a mooring operation in the Panama Canal outside the Canal's locks. Rolstad, Crowley, and Puget Sound filed administrative claims against the Commission in May 1984, all of which were denied the same month. The three parties could not challenge the Commission's findings in court because the accident occurred outside the locks. Crowley and Puget Sound thereafter settled with Rolstad.

Congress amended the Panama Canal Act in 1985 to permit claimants in accidents outside the locks to sue the Commission as long as "the action is brought within one year after the date on which the Commission mails to the claimant written notification of the Commission's final determination with respect to the claim, or within one year after December 23, 1985, whichever is later." 22 U.S.C. § 3776 (1988 Supp.). Crowley and Puget Sound filed a complaint against the Commission on August 12, 1986, seeking approximately $909,000 for "maintenance and cure payments, settlement of claim, attorneys' fees and other expenses[.]"

Rolstad was not a party to this complaint and did not file a motion to intervene until March 24, 1987. A magistrate granted Rolstad's motion, despite the Commission's argument that the statute of limitations had expired on December 23, 1986. The district court agreed with the Commission and dismissed Rolstad's intervention on May 12, 1987. Rolstad then filed a motion on May 29, 1987, requesting that the court's order be amended to include the expression of opinion that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...." This amendment will allow

the Court of Appeals discretion pursuant to 28 U.S.C. Section 1292(b) to hear appeal therefrom.

In the alternative, plaintiff requests that this Court amend the order dated May 12, 1987, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to include the expression of opinion that "the Court has made an express determination that there is no just reason for delay and that it is adjudged that the plaintiff's complaint be and the same hereby is dismissed." This alternative amendment will grant the Court of Appeals jurisdiction according to 28 U.S.C. Section 1291.

In an order dated August 19, 1987, the district court denied the first paragraph of Rolstad's motion but retained the second paragraph for consideration. On October 27, 1987, the district court issued an order stating: "Considering the motion, the memorandum, the record and the law, IT IS ORDERED that the [second paragraph of the] motion be GRANTED." Meanwhile, Rolstad filed his notice of appeal with this court on June 10, 1987.

## II.

■ We initially must determine whether the district court's failure to comply technically with Fed.Rule Civ.Pro. 54(b) and Rolstad's premature filing of his notice of appeal preclude appellate jurisdiction.

Under Rule 54(b), "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.*" (Emphasis added.) See also *Cason v. Owen*, 578 F.2d 572, 574 (5th Cir.1978) ("In a case involving multiple parties, dismissal of one party is not appealable absent a certification by the district court that complies with Rule 54(b), Federal Rules of Civil Procedure."). The district court did not expressly include the magical language in any of its orders. We decline, however, to adopt a form-over-substance approach to the Rule 54(b) requirements. Rolstad's motion contained the necessary language and called it to the district

court's attention, and the district court's intent in issuing its October 1987 order cannot be genuinely disputed. We, therefore, will not enforce a "technical, expensive, and burdensome compliance" where to do so would not significantly advance the purposes of Rule 54(b) and would only frustrate the manifest intent of the parties and the trial court. See *Mills v. Zapata Drilling Co.*, 722 F.2d 1170, 1173–74 (5th Cir. 1983).

■ Under Fed.Rule App.Pro. 4(a)(1), a party must file his notice of appeal within thirty days after the entry of the final judgment or order appealed from. As already noted, the dismissal order was not appealable until it had been certified under Rule 54(b). Rolstad filed his notice of appeal on June 10, 1987—29 days after the district court dismissed him and 12 days after he filed his motion to amend the order with a certification under 28 U.S.C. § 1292(b) or Rule 54(b), but almost five months *before* the district court issued its Rule 54(b) order. Technically, Rolstad should not have appealed until at least October 27, 1987.

Whether Rolstad's filing prior to Rule 54(b) certification is sufficient under F.R.A. P. 4(a) is a question which this circuit has answered inconsistently. In *Kirtland v. J. Ray McDermott & Co.*, 568 F.2d 1166 (5th Cir.1978), the panel reasoned that because the filing of an appeal divests the district court of jurisdiction over the matter, the district court cannot retroactively certify an appeal already filed. Id. at 1169–70. In *Alcorn County v. U.S. Interstate Supplies, Inc.*, 731 F.2d 1160 (5th Cir.1984), however, the panel declined to follow *Kirtland:*

Despite [*Kirtland*] to the contrary, the older precedent in this circuit holds that we may consider a premature appeal in those cases where judgment becomes final prior to disposition of the appeal. *Jetco Electronic Industries, Inc. v. Gardiner*, 473 F.2d 1228 (5th Cir.1973). The *Jetco* rule has been recognized and followed in this circuit in a number of cases....

... In choosing between conflicting precedents, this court has held that the

older rule is presumptively correct. This is a logical extension of the rule that one panel within this circuit may not overrule the opinion of another. The preference for the older authority is clearly appropriate here, where *Jetco* has been acknowledged repeatedly as the law of this circuit.

Id. at 1166 (citations and footnote omitted).[1] We are bound by *Alcorn County*, whose reference to older precedent controls where an intra-circuit conflict exists. Rolstad's premature notice of appeal prior to Rule 54(b) certification conferred jurisdiction on this Court.

### III.

Rolstad argues that the policies and purposes of the 1985 amendments to the Panama Canal Act would be advanced if we tolled the statute of limitations to permit his intervention. Although we have the power under equitable circumstances to toll statutes of limitation, we rarely exercise such power when the opposing party is the federal government or federal agency because "[t]he United States has the right to define the conditions under which its liability arises." *McClain v. Panama Canal Commission*, 834 F.2d 452, 460 (5th Cir. 1987). As the Supreme Court has noted:

The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress. A necessary corollary of this rule is that when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied. When waiver legislation contains a statute of limitations, the limitations provision constitutes a condition on the waiver of sovereign immunity. Accordingly, although we should not construe such a time-bar provision unduly restrictively, we must be careful not to interpret it in a manner that would "extend the waiver beyond that which Congress intended." Accordingly, before finding that Congress intended here

to exempt [a party] from satisfying the time-bar condition on its waiver of immunity, we should insist on some clear indication of such an intention.

*Block v. North Dakota*, 461 U.S. 273, 287, 103 S.Ct. 1811, 1819–20, 75 L.Ed.2d 840 (1983) (citations omitted).

Neither the statutory language nor legislative history reveal exceptions to § 3776's limitations period. Cf. *Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 2030, 90 L.Ed.2d 462 (1986). Nor did the Commission engage in secretive conduct. Id. Furthermore, rather than interpreting a statute designed to be "unusually protective" of claimants, id., the Panama Canal Act sets forth a particularly restrictive scheme of recovery. *McClain*, 834 F.2d at 458–60; S.Rep. No. 206, 99th Cong., 1st Sess., *reprinted in* 1985 U.S.Code Cong. & Admin.News 2636, 2637 ("In order to protect the General Fund of the U.S. Treasury, [the 1985 amendments] tighten[] the existing restrictions which limit the source of funds available to pay vessel damage claims and judgments against the PCC to PCC funds."); 22 U.S.C. § 3776 (1988 Supp.) ("Any judgment obtained against the Commission in an action under this subpart may be paid only out of money appropriated or allotted for the maintenance and operation of the Panama Canal."). We find no reason to expand the limitations period in this case. The fact that Rolstad is "just a seaman" who, according to the record, did not sit idly on his rights may appear to render our result somewhat harsh. However, "[a]ny perceived harshness in a system that partially waives the government's immunity should be considered in light of the permissible alternative: complete sovereign immunity." *McClain*, 834 F.2d at 460.

### IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

**1.** *Alcorn County* is now the majority rule: "Most circuits have ruled that [Rule 54(b)] certification is sufficient to validate a premature notice of appeal". 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2660 (West Supp.1986).