Wendolyn A. KELLY,
Plaintiff–Appellant,

v.

LEE'S OLD FASHIONED HAMBURG-
ERS, INC. (LEE'S OLD FASHIONED
HAMBURGERS OF NEW ORLEANS,
INC.), Defendant,

State Farm Fire & Casualty Company,
Defendant–Appellee.

No. 89–3133.

United States Court of Appeals,
Fifth Circuit.

March 20, 1990.

Rehearing Denied April 16, 1990.
Opinion on Rehearing and Rehearing
En Banc April 23, 1990.

Wendolyn Kelly Long, Grand Isle, La.,
pro se.

Michael J. Navitsky, Garner, Munoz &
Navitsky, New Orleans, La., intervenor.

James L. Harmon, Joseph R. Ward., Jr.,
Ward & Clesi, New Orleans, La., for defen-
dant-appellee.

Before GARZA, WILLIAMS and
DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Wendolyn Kelly appeals a summary
judgment in favor of State Farm Fire &
Casualty, the insurer of Lee's Old Fash-
ioned Hamburgers, Inc., primary defendant
in her personal injury suit. We affirm.

I.

Wendolyn Kelly was injured when an
automobile driven by Douglas Chetta
struck her. Chetta, an employee of Lee's
Old Fashioned Hamburgers, was allegedly
intoxicated at the time of the accident.
Shortly before the accident, Chetta and sev-
eral other Lee's employees had been drink-
ing beer at the restaurant while it was
being cleaned. Chetta was not on duty at
the time. The employees got the beer—al-
legedly with the night manager's tacit ap-
proval—from a keg installed at the restau-
rant.

Kelly sued a number of defendants, in-
cluding Lee's insurer, State Farm Fire &
Casualty Company. State Farm sought
summary judgment, citing the "liquor lia-
bility" exclusion in its policy.[1] The trial

---

1. This provision excluded coverage for any lia-
bilities the insured incurred "as a person or
organization engaged in the business of ... sell-
ing or serving alcoholic beverages...."

judge granted summary judgment and Kelly appealed.

## II.

### A.

■ We must first examine a possible jurisdictional defect in this appeal. With limited exceptions, none of which are pertinent here, appellate jurisdiction extends only to appeals from "final decisions" of the district courts. 28 U.S.C. § 1291. The Federal Rules of Civil Procedure authorize a district court to grant final judgment on fewer than all the claims or parties before it if the court also makes "an express determination that there is no just reason for delay...." Fed.R. of Civ.Proc. 54(b).

The district court in this case entered an order disposing of fewer than all the parties but did not state in the order that there was no just reason for delaying entry of final judgment. The district court did, however, caption its order "Rule 54(b) Judgment," and stated in the body of the order that it was entering "final judgment pursuant to Federal Rule of Civil Procedure 54(b)...." The question becomes, then, whether the language in the order satisfies the "express determination" requirement of Rule 54(b). If it does, we have jurisdiction over this appeal; if it does not, the order is a non-appealable interlocutory order and we have no power to review it.

This circuit has not required strict compliance with the express determination requirement of Rule 54(b). For example, in *Crowley Maritime Corp. v. Panama Canal Commission,* 849 F.2d 951 (5th Cir. 1988), we held that an order containing none of the language of Rule 54(b) met the certification requirements of that rule; we concluded that because the underlying motion for entry of a Rule 54(b) judgment contained the "magical" language and because the district court indisputably intended to enter a partial final judgment, we would review the judgment. *Id.* at 953. We refused to take a "form-over-substance" approach to Rule 54(b), but rather recognized "the manifest intent of the parties and the trial court" that a final judgment would be entered. *Id.*

Likewise, in *Equal Employment Opportunity Commission v. Delta Airlines, Inc.,* 578 F.2d 115 (5th Cir.1978), we found compliance with Rule 54(b) where the district court quoted portions of the rule and directed "the entry of final judgment" even though the court did not determine that no just cause for delay existed. *Id.* at 116. We noted that while the district court's order did not "literally track the requirements of the rule," the court's wording was "sufficiently clear" to permit an inference that "the required determination and direction was intended." *Id.* See also *Mills v. Zapata Drilling Co.,* 722 F.2d 1170, 1173–74 (5th Cir.1983).

The rule we extract from these cases is that no particular language need be included in the judgment so long as the order reflects an unmistakable intent by the district court to enter an appealable order under Rule 54(b).

The language of the order in this case makes it obvious that the trial court intended to enter a partial final judgment under Rule 54(b). As we have already noted, the judgment was captioned "Rule 54(b) Judgment," and the court stated that it was entering "final judgment pursuant to ... [Rule] 54(b)." This unmistakably indicates that the district court intended to enter a final determination of Kelly's rights against State Farm and did not see any good reason for waiting until the other claims and parties were dealt with before entering final judgment.

Although we encourage district courts to follow the rule and make the "express determination" it requires, many of our cases have not required it in the past and we do not require it now.

### B.

■ The trial court granted summary judgment to State Farm based on the liquor liability exclusion in the policy. Louisiana courts have found the liquor liability exclusion to be unambiguous and have en-

forced it as written. See *Pitts v. Bailes,* 551 So.2d 1363, 1375 (La.App.), *writ denied,* 553 So.2d 860 (1989); *Morrison on behalf of Morrison v. Miller,* 452 So.2d 390, 392 (La.App.1984). Although the summary judgment record does not clearly indicate whether Lee's was in the business of selling or serving alcohol, the appellant's counsel, during oral argument on this appeal, conceded that Lee's was selling beer to the public as part of its business. Hence, to the extent that Kelly seeks to hold Lee's liable for selling or serving alcohol to a member of the public, the exclusion bars recovery against State Farm.

Kelly argues that while her claim against Lee's for selling or serving alcohol to the public may be covered by the exclusion, she has an independent claim against Lee's for negligently supervising its employee and allowing him to drink excessively. Appellant argues that because Lee's owed an independent duty to supervise its employee Chetta, this claim is separate from and independent of the excluded claim, and therefore under Louisiana law is not affected by the exclusion. See *Lejeune v. Allstate Ins. Co.,* 365 So.2d 471, 479 (La.1978); *Smith v. USAA Cas. Ins. Co.,* 532 So.2d 1171, 1174 (La.App.1988).

Even if we accept Kelly's argument that an employer owes a duty to supervise its employees, appellant cites no authority to support her argument that this duty would extend to off-duty employees. We conclude that Lee's had no duty to supervise off-duty employees such as Chetta and therefore Kelly's attempt to find an independent source of liability against Lee's on this theory must fail.

The district court, therefore, correctly granted summary judgment to State Farm.

AFFIRMED.

JERRE S. WILLIAMS, Circuit Judge, dissenting in part and concurring in part:

Under the requirements of Fed.R.Civ.P. 54(b), we do not have jurisdiction to decide the merits of this appeal. This is a multiparty case and as long as the judgment is final with respect to one or more of the parties of the case, the district court has, under that rule, a measure of discretion in authorizing appeal from that final judgment. That discretion is controlled in terms, however, by the words in the rule which require the court to make "an express determination that there is no just reason for delay" and in addition "an express direction for the entry of judgment." The second of the two requirements was met, but there was a total failure of the district court to meet the first.

These two requirements are so completely separate and independent of each other that, Wright, Miller, Kane, FEDERAL PRACTICE & PROCEDURE, Vol. 10, in discussing 54(b) entitles the Section 2655 "Distinction Between Direction for Judgment and Determination of No Just Reason for Delay." In contrast, the majority of the Court holds that the entry of a final judgment "pursuant to Federal Rule of Civil Procedure 54(b) in favor of defendant, . . ." constitutes "an express determination that there is no just reason for delay. . . ." I cannot accept this reasoning.

The panel opinion relies upon our most recent case of *Crowley Maritime Corp. v. Panama Canal Commission,* 849 F.2d 951, 953 (5th Cir.1988). The Court said that the district court had not "expressly included the magical language in any of its orders." But it went on to say that the motion contained the necessary language and the intent in issuing the October 1987 order could not be disputed. The Court then concluded that it declined to follow a "form-over-substance" approach to Rule 54(b) certification.

The opinion also cites *Mills v. Zapata Drilling Co., Inc.,* 722 F.2d 1170 (5th Cir. 1983). In this case the panel upheld a Rule 54(b) appeal even though neither of the technical requirements of the rule had been met because not only had there been a failure to determine there was no just reason for delay, actually no judgment had been entered. The Court, however, extrapolated a judgment from the record. I cannot and do not accept this case as the law because it is belied by the later decision of the Court, *Thompson v. Betts,* 754 F.2d

1243 (5th Cir.1985), in which the Court stated the two "expressly" requirements as the law. In *Thompson,* we also cited *Arango v. Guzman Travel Advisors Corp.,* 621 F.2d 1371, 1374 (5th Cir.1980), in which this Court said that a district court must certify "appealability by making an express determination that there is no just reason for delay and then explicitly direct the entry of judgment on the order."

*Crowley* itself is distinguishable because, in contrast to *Crowley,* there is no indication in this case that there was a specific request for certification which stated the requirements. Thus, the majority of this panel is left with the proposition that a district court need do no more than state that it is entering judgment under Rule 54(b) to authorize an appeal under that rule. Needless to say, the rule does not read that way. Certainly it is accurate to say that in general in instances where a district court is required to make specific findings we do not accept fulfillment of that requirement merely through a recitation of authorization.

There is no need to belabor this point by long string citations of other federal cases. It is sufficient to say that the overwhelming case authority is that Rule 54(b) means what it says. While some flexibility short of the precise language is permitted, the courts demand that the statement be sufficient to show that the express findings have been made. E.g., *Bullock v. Baptist Memorial Hospital,* 817 F.2d 58, 59 (8th Cir.1987) (certificate must contain the specific findings "either in express words or by mistakably clear implication"). See also *Principal Mutual Life Ins. Co. v. Cincinnati TV 64 LTD Partnership,* 845 F.2d 674, 677 (7th Cir.1988) (intent of district court irrelevant absent "express determination" in the certificate); *Fort v. Roadway Express Inc.,* 746 F.2d 744, 745 n. 1 (11th Cir.1984).

I particularly emphasize the directly contra case of *Frank Briscoe Co. v. Morrison–Knudsen Co.,* 776 F.2d 1414, 1415 (9th Cir.1985). In that case the district court's order stated, "The Motion for 54(b) Certification ... is granted.... The Motion for Entry of Final Judgment pursuant to Rule 54(b) ... is granted." The Court of Appeals held that this order was not adequate to constitute a "certificate" under Rule 54(b) and that hence the order was not appealable. The instant case is even weaker than Briscoe as far as compliance with Rule 54(b). In Briscoe there was a motion for 54(b) certification and the instant case is devoid of any indication of a motion asking for 54(b) certification.

It follows that contrary to the disposition of the panel majority this case should be remanded to the district court for the court to consider whether it is willing to certify this case for appeal based upon an express finding as required by Rule 54(b).

Neither party raised this issue before us. It is in the nature of the issue that in many cases both parties would prefer to have the appeal of their case heard on the merits. This raises a valid concern as to whether the cause of justice is disserved by remanding the case to the district court to require the court to give consideration to and make the specific finding required by the rule. The answer must be that it is not a disservice to require that such specific rules of procedure be followed. Without going into the details, I note that the ongoing development of Rule 54(b) was occasioned by the need to limit piecemeal appeals in multiparty and multi-issue cases so that the final and complete disposition of cases by the district court is not delayed.

The insertion into that rule in 1948 of the two "express" requirements was to eliminate continuing difficulties under the earlier rule as to what orders were final and also so separate and distinct that they could be treated as appealable. The rule was amended to create insurance that Rule 54(b) would be applied only in proper cases. This is an important principle in view of the fact that the parties often wish to pursue the appeal on the merits although there actually is not a final and separable judgment. Hence, the safeguards are within the rule itself to require the district court to make specific and careful inquiry as to the correctness of certifying a separable

and final judgment as to the issue being appealed.

All the rule undertakes to do is to require that the court focus specifically upon the requisite findings. This in turn means that the court can have the issue argued and briefed if there is any real question with respect to it and can give it the full consideration it deserves. This is little enough to ask in enforcing a rule which constitutes an exception to an extremely basic and important policy against piecemeal appeals. If we do not remand when the requisite findings are not made, there is simply no enforcement of the rule. Then a rule which was designed with great care and with express requirements becomes simply a rule of boilerplate. That is not and cannot be what is intended by the rule.

The majority of the panel outvotes me and finds that there is jurisdiction to hear this appeal. That decision having been made, the merits of the appeal are before me as well as the other two members of the panel. On the merits, I concur fully in the opinion of the panel set out in Part II.

ON PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING
EN BANC

Before CLARK, Chief Judge, GEE, REAVLEY, POLITZ, KING, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, JONES, SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

BY THE COURT:

A majority of the Judges in active service, on the Court's own motion, having determined to have this case reheard en banc,

IT IS ORDERED that this cause shall be reheard by the Court en banc without oral argument. The Clerk will specify a briefing schedule for the filing of supplemental briefs.