KLIEBERT, Chief Judge.
The pending suit for damages arose out of an alleged assault and battery committed by an inebriated person. The trial judge granted a summary judgment to the vendor of alcoholic beverages and to his insurer. For the reasons hereinafter stated we affirm.
The procedural background of this matter pertinent to the appeals before us is as follows:
On December 20, 1988, suit for damages for an alleged assault and battery claimed to have occurred on November 24, 1988 was instituted by the plaintiff, Jeffrey T. Norris, against the following defendants:
A. Keith Allen Guthrie and his wife, Mary Guthrie, on behalf of their minor child, Allen Guthrie;
B. Keith Allen Guthrie and his wife, Mary Guthrie, individually;
C. Arthur Kospelich;
D. Mr. and Mrs. Edward Hollister, on behalf of their minor child, Jimmy Hollister;
E. Mr. and Mrs. Edward Hollister, individually.
It is alleged in the petition that the assault and battery was committed while plaintiff was standing in front of his residence and without provocation by the minor Allen Guthrie who was under the influence of intoxicating liquor. The further averment is made that Arthur Kospelich and Jimmy Hollister participated in the assault and battery by hitting and kicking plaintiff as he was held down by Allen Guthrie.
On January 24, 1989 plaintiff filed an amending petition praying for judgment against James E. Hollister individually if it be proved that he was of the age of majority on November 24, 1988 and further alleging that State Farm Fire & Casualty Insurance Company was the liability insurer of the Guthries and praying for judgment against it as well as the other defendants.
A second supplemental and amending petition was filed by plaintiff on June 8,1989, wherein Danny and Clyde’s Food Store, Inc. and its liability insurer, State Farm Fire & Casualty Insurance Company, were named as defendants, liability being asserted against them by virtue of alcoholic beverages having been sold to Allen Guthrie and thus having violated the provisions of LSA-R.S. 26:88 relating to sales of alcoholic beverages to minors without proof of age.
A motion for summary judgment filed on June 25, 1991 by Danny and Clyde’s Food Store, Inc. was denied by judgment of October 4, 1991.
A third supplemental and amending petition was filed on December 2, 1991 wherein Stephen Cernnich, and his alleged liability insurer, Independent Fire Insurance Company, were named as parties defendant, it being averred that Cernnich, among other things, was negligent in having supplied a minor with intoxicating beverages.
As the result of a compromise and settlement a partial motion to dismiss was grant *895 ed by the trial court on May 26, 1992 as to Keith Allen Guthrie, Mary Guthrie, Allen Guthrie, and State Farm Fire & Casualty Company as their insurer. The plaintiffs rights were reserved as to all other parties named as defendants and in their capacities as set forth above.
On June 8, 1992 a motion for summary judgment was filed by State Farm Fire & Casualty Company, the basis for which was that the policy of insurance issued by it to Danny and Clyde’s did not provide liability insurance coverage for the plaintiff’s claim. A judgment dated August 18, 1992 was handed down by the lower court sustaining the motion and dismissing the action as to this defendant. It is from this judgment that the matter has come to us by separate appeals filed by Danny and Clyde’s Food Store, Inc. and the plaintiff.
The motion for summary judgment was based upon the exclusive provisions of the business policy of insurance, issued by State Farm to Danny and Clyde’s effective December 31, 1987 and expiring twelve months later, on December 31, 1988 (and thus in effect at the time of the incident of November 24, 1988) a copy of which was attached to the motion as Exhibit “D.” Also before the trial court upon submission of the motion were the depositions of Allen Guthrie, Steve Cernnich and Kirk Sciaca.
The appellee appears to have no argument with the appellants’ version of the facts as revealed by the depositions. They reveal the following:
On November 24, 1988 Allen Guthrie, aged 17, and Steve Cernnich, aged 18, bought beer from Danny and Clyde’s. These two, together with another youth, drove around drinking beer until Guthrie became intoxicated, and, upon seeing his “ex-girlfriend” talking with the plaintiff, got out of the car and attacked the latter, which resulted in the battery and injuries sued upon.
The position of State Farm is simply that as insurer of Danny and Clyde’s, their exclusion provision is valid and does not turn upon whether the sale of alcohol was to a minor or to an adult; both types of sales being excluded and, in addition liability being excluded from the policy for sales in violation of any statute, ordinance or regulation as well.
The pertinent exclusionary provisions, Section II entitled “Comprehensive Business Liability” under the “Business Liability Exclusion,” Paragraph 7 provides:
“Under Coverage L [Business Liability Exclusions] this policy does not apply:
* * * * * *
7. Bodily Injury or Property Damage for which the Insured or their indemni-tee may be held liable:
a. as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages; or
b. if not so engaged, as an owner or lessor of the premises used for such purposes, if such liability is imposed:
(1) by, or because of the violation of any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverages;
(2) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;”
Counsel for appellants does not quarrel with the fact that the above quoted language clearly and effectively excludes coverage by the insurer under the situation presented here. Their position is that it is against public policy and the policy of the Commissioner of Insurance to allow an insurer to exclude coverage for a negligent sale of alcohol to a minor where the damages claimed are the result of the intoxication of the minor due to the sale of the alcohol to him by the insured. The only authority for the exclusion, they assert, is found in LSA-R.S. 9:2800.1, which limits civil liability only to sales of alcohol to persons over 21 and, while conceding that Attorney General’s Opinions are not biding upon the courts, they cite as persuasive Attorney General Opinion No. 90-411, dated September 25, 1990, wherein it was concluded that:
“Accordingly, a limited exclusion for Liquor Liability may be approved for the *896 insurance form, but it cannot encompass the damages proximately caused through tortious harm resulting from intoxication induced by the sale or service of intoxicating alcoholic beverages (1) to a minor or (2) to someone who injures himself or another person on the premises due to his intoxication or (3) the practice of deception described in R.S. 9:2800.1E.”
The above referred to opinion is the only authority cited by appellants in support of the proposition that a liquor liability exclusion should not apply to the sale of alcohol to minors. It has been held that the proper use of Attorney General Opinions in the decision-making process of a court is in an “advisory capacity” and where the court is “aware of no cases on point.” Roy v. Avoyelles Parish School Board, 552 So.2d 63, 65 (3rd Cir.1989).
The above cited Attorney General opinion is not persuasive here because it was rendered after the effective dates of the policy in question and the occurrence of the tort sued upon. Further, there is persuasive jurisprudence of other appellate courts in this state holding that policy exclusions, virtually identical to the one in question in this case, are valid and, thus, preclude coverage whether they are applied to minors or to persons of the lawful age of purchase. See Morris v. Nu-Way Beverage Co., 591 So.2d 1318 (2nd Cir.1991), writ den., 592 So.2d 1342 (La.1992) (Affirming lower court’s granting of Summary Judgment to insurer of seller of alcoholic beverages to a minor because such coverage was excluded in the policy); Morrison v. Miller, 452 So.2d 390 (3rd Cir.1984), (Alcohol liability exclusion was held to be valid as applied to adults); Miller v. Benson, 556 So.2d 252 (2nd Cir.1990), writ den., 559 So.2d 1379 (Affirming lower court’s granting of Summary Judgment to insurer of seller of alcoholic beverages to a minor because such coverage was excluded in the policy); McCartney v. State Farm Insurance Co., 567 So.2d 1168 (3rd Cir.1990) (Alcohol liability exclusion was given effect and validity as applied to the sale of alcohol to a minor and was further held that the insurer was not negligent for not providing such coverage); Duplin v. State Farm Mutual Auto mobile Insurance Co., 559 So.2d 146 (3rd Cir.1990) (Trial court denied Summary Judgment to insurer of seller of alcoholic beverages to a minor and appellate court reversed holding that the alcohol liability exclusion was clear and unambiguous).
The most recent of the above cited authorities, Morris v. Nu-Way Beverage Co., supra, specifically rejected the public policy argument couched in the Attorney General’s Opinion and relied on by appellants, as follows:
“While 9:2800.1 does not limit the liability of alcoholic beverage retailers who sell to minors, the statute is silent with regard to public policy affecting an insurer’s ability to exclude from coverage such injuries or damages as may arise from the sale of alcohol to minors. We are not persuaded by plaintiffs’ public policy argument. LSA-R.S. 9:2800.1 does not address the ability of a business liability insurer and an insured alcoholic beverage retailer to contract regarding whether the insurance policy provides coverage under these circumstances.”
Although not binding on us, this jurisprudence is persuasive. Therefore, we find under the facts as asserted by plaintiff that the exclusionary clause was valid and applicable and that, therefore, the judgment sustaining the motion for summary judgment was correct and it is, therefore, affirmed. Costs are to borne by appellant.
AFFIRMED.