42 F.3d 1409
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
L.A. GEAR, INC., Plaintiff-Appellant,
v.
VOIT SPORTS, INC., Defendant-Appellee,
and
E.S. Originals, Inc., Sasson Licensing Corp., Dayton Hudson
Corp., WalMart Stores, Inc. and Montgomery Ward &
Co., Inc., Defendants.
 No. 94-1471.
 United States Court of Appeals, Federal Circuit.
 Nov. 18, 1994.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON MOTION
 ORDER
 PLAGER, Circuit Judge.
 
 
 1
 Voit Sports, Inc. moves to dismiss L.A. Gear, Inc.'s appeal for lack of jurisdiction. L.A. Gear opposes.
 
 
 2
 This matter stems from L.A. Gear's action for patent infringement against six defendants, including Voit Sports. On August 4, 1994, the United States District Court for the Central District of California granted Voit Sports' motion for partial summary judgment determining that Voit Sports neither directly nor indirectly infringed the claims of L.A. Gear's patent. On that same day, the district court entered a judgment dismissing the action against Voit Sports. The district court denied L.A. Gear's motion for reconsideration and L.A. Gear appealed.
 
 
 3
 None of the district court's orders included a Fed.R.Civ.P. 54(b) certification dispatching the judgment for immediate appeal. Rule 54(b) provides:
 
 
 4
 When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 
 
 5
 Voit Sports argues that the appeal should be dismissed because the trial court did not certify the judgment pursuant to Rule 54(b). Voit Sports points out that none of the parties ever sought a Rule 54(b) certification from the district court. Voit Sports relies on this circuit's precedent which holds that, in an appeal with multiple claims or multiple parties, "[a]n appeal from an order that disposes of only some claims of an action may not be made without waiting for a decision on the remainder of the case, unless the requirements of Rule 54(b) of the Federal Rules of Civil Procedure are met." Aleut Tribe v. United States, 702 F.2d 1015, 1020 (Fed.Cir.1983). Accord Jeanette Sheet Glass Corp. v. United States, 803 F.2d 1576, 1580 (Fed.Cir.1986). Because this appeal is from an order granting summary judgment for only one of six defendants, Voit Sports argues that, absent a Rule 54(b) certification, the partial summary judgment is not appealable.
 
 
 6
 L.A. Gear does not dispute that none of the orders includes a Rule 54(b) certification, but contends that Voit Sports' motion relies on an "overly formalistic" interpretation of Rule 54(b). In contrast, L.A. Gear advocates a "pragmatic" approach that focuses on whether the instant judgment is consistent with the requirements of Rule 54(b). L.A. Gear asserts that "[i]t is unmistakable that the district court intended the August 4 order to be appealable, and this intent can be readily discerned from the unambiguous action and language of the district court." L.A. Gear points to no specific language, nor can we discern any, that supports L.A. Gear's assertion that the district court intended the partial summary judgment to be immediately appealable pursuant to Rule 54(b).
 
 
 7
 L.A. Gear attempts to fit the facts of this appeal into the narrow parameters of an exception that has evolved to allow an appellate court to maintain jurisdiction when a district court certified a judgment citing Rule 54(b) but failed to expressly determine that there was no just reason for delay or expressly direct the entry of judgment. See St. Paul Fire and Marine Ins. Co. v. PepsiCo, Inc., 884 F.2d 688 (2d Cir.1989); Crowley Maritime Corp. v. Panama Canal Com'n, 849 F.2d 951 (5th Cir.1988); Perez v. Ortiz, 849 F.2d 793 (2d Cir.1988). For example in Crowley Maritime, the Fifth Circuit exercised jurisdiction despite a district court's failure to comply technically with Rule 54(b). In response to a party's motion for Rule 54(b) certification, the district court issued a terse order granting the motion upon consideration of the party's "motion, the memorandum, the record and the law." Crowley, 849 F.2d at 953. The court justified its exercise of jurisdiction by pointing out that the party's motion for Rule 54(b) certification "contained the necessary language and called it to the district court's attention, and the district court's intent in issuing its [certification] cannot genuinely be disputed." Id. Perez and St. Paul Fire also involved an appellate court's exercise of jurisdiction over a judgment certified under Rule 54(b) without inclusion of the required language.
 
 
 8
 The crucial fact present in all the cases cited by L.A. Gear, but absent in this case, is that a party moved for Rule 54(b) certification, thereby providing the district court with an opportunity to consider whether Rule 54(b) certification was warranted. In contrast, none of the parties here moved for a Rule 54(b) certification. Thus, there is no indication that the district court intended to certify its judgment pursuant to R. 54(b). L.A. Gear could have raised the issue of Rule 54(b) certification at the district court. Having failed to do so, it may not credibly argue that it is "readily apparent" that the district court intended its judgment to be final. This court has explicitly stated that even if, in hindsight, a case presents a "classic situation" for Rule 54(b) certification, without such certification, the appeal must be dismissed. Jeanette Sheet Glass, 803 F.2d at 1580. Given the lack of a reasonable basis for L.A. Gear to file its appeal and its failure to adequately distinguish the precedents of this court, we determine that its appeal is frivolous.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) Voit Sports' motion to dismiss the appeal is granted.
 
 
 11
 (2) Double costs and attorneys fees for the preparation of the motion to dismiss are awarded to Voit Sports.
 
 
 12
 (3) Voit Sports is directed to file its bill of attorney fees, pursuant to Fed.Cir.R. 47.7, within 14 days. If L.A. Gear contests the amount requested, it may file a response 10 days thereafter.