Dear Mr. Dunlap:
You have requested that this office review its prior Opinions which address the issue of punitive and exemplary damages exclusions and/or liquor liability exclusions in insurance policy forms. In particular, you requested that opinions issued under numbers 91-131, 90-471, 89-124, 89-124A and 90-411 be reviewed in light of the line of cases which hold that language in an insurance policy excluding coverage for exemplary and punitive damages and/or liquor liability is not contrary to public policy.
Exemplary and Punitive Damage Exclusions
After a review of the latest pronouncements of this office on the subject described above, it was discovered that Opinion nos. 89-124, 89-124A, and 90-471 have all been recalled by Opinion no. 94-572. This opinion stated that in view of recent jurisprudence and legislative amendments it is the finding of this office that insurance policy forms may exclude exemplary and punitive damages and that this exclusion does not violate public policy. Therefore, the prior opinions issued on this subject have been recalled.
Liquor Liability Exclusion
Opinion No. 90-411 addressed the problem of the liquor liability exclusion. This opinion's finding was centered around LSA R.S. 9:2800.1 which statutorily prescribes that the consumption of alcoholic beverages, rather than their service or sale, is the proximate cause of any intoxication and resulting tortious harm. Hence, the law limits liability to the consumer, and immunizes the barkeep, restaurant or lounge, as well as the private social host or hostess from liability for his (the consumer's) tortious harms. This opinion went on to state that while this statute shifts the proximate cause to consumption, several exceptions to this shift of liability remain. The law only immunizes from liability those who serve alcohol to (1) non-minors and (2) persons who cause tortious harm off the premises. Due to these two exceptions, this office issued an opinion that insurance policy forms which had a total liquor liability exclusion clause violated public policy and therefore, should not be approved by the Department of Insurance.
After further research on this matter, several cases have been discovered which place a different interpretation on whether a total liquor liability exclusion clause violates public policy. The most recent of these cases is Norris v. Guthrie,618 So.2d 893 ( La.App. 5 Cir. 1993). In Norris the plaintiffs used the argument found in Attorney General's Opinion No. 90-411 in an attempt to persuade the court that the liquor liability exclusion was against public policy. The Court found this argument unpersuasive and stated the following:
 "While 9:2800.1 does not limit the liability of alcoholic beverage retailers who sell to minors, the statute is silent with regard to public policy affecting an insurer's ability to exclude from coverage such injuries or damages as may arise from the sale of alcohol to minors. We are not persuaded by plaintiffs' public policy argument. LSA R.S. 9:2800.1 does not address the ability of a business beverage retailer to contract regarding whether the insurance policy provides coverage under these circumstances." id. at 896
The Court, in its holding cited jurisprudence from other appellate courts in this state which have held that the liquor liability exclusion does not violate public policy. SeeMorris v. Nu-Way Beverage Co., 592 So.2d 1318 (2nd Cir. 1992) (Affirming lower court's granting of Summary Judgment to insurer of seller of alcoholic beverages to a minor because such coverage was excluded in the policy); Morrison v.Miller, 452 So.2d 390 (3rd. Cir. 1984), (Alcohol liability exclusion was held to be valid as applied to adults); Millerv. Benson, 559 So.2d 1379 (2nd Cir. 1990), (Affirming lower court's granting of Summary Judgment to insurer of seller of alcoholic beverages to a minor because such coverage was excluded in the policy).
Since the holdings of the various Appellate Courts of this State, cited above, are contrary to Attorney General Opinion No. 90-411, in that they hold a total liquor liability exclusion clause in the basic insurance form does not violate public policy, the aforementioned opinion is recalled.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ L. Dean Fryday, Jr. Assistant Attorney General Insurance and Securities Section